■ HAYLAND FARMS CORPORATION et al., Respondents, v AETNA CASUALTY & SURETY COMPANY et al., Appellants. — Order, Supreme Court, New York County (Taylor, J.), entered January 5, 1981, which denied defendants' motion for a change of venue from New York County to Monroe County, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs and disbursements, and the motion granted. The underlying action is for recovery of fire insurance proceeds under policies issued by defendants relating to property (a building and its contents) located in the City of Rochester, Monroe County, which was destroyed by fire. New York County was designated the place of trial on the basis of defendants' place of business. A weighing of the totality of the circumstances warrants concluding that a change of venue to Monroe County is appropriate. A transitory action normally should be tried in the county in which the cause of action arises (see *Slavin v Whispell*, 5 AD2d 296, 297-298). Further, it appears that the convenience of material nonparty witnesses will be better served by the change in venue. It appears that all of the prospective defense witnesses are residents of Monroe County, while a majority of plaintiffs' witnesses are not residents of New York County. It also appears that defendants' expert witnesses will testify as to their personal observations, while many of plaintiffs' expert witnesses will offer only opinions or will testify as to the lack of a financial motive for arson by plaintiffs. Further, it appears that an earlier trial may be obtained in Monroe County. Plaintiffs' claim of unfair publicity and a prejudicial trial in Monroe County is predicated on mere suspicion and is insufficient to retain venue in New York County, particularly since it is now over two years since the fire. Concur — Ross, J. P., Carro, Markewich, Lupiano and Fein, JJ.