■ Young Hee Kim, Individually and as Mother and Natural Guardian of Irene H. Kim, an Infant, Respondent, v Flushing Hospital and Medical Center et al., Defendants, and Byung Woo Lim, Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 25, 1986, which, inter alia, denied the cross motion of defendant Byung Woo Lim for a change of venue to Queens County, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of granting said cross motion for a change of venue, and otherwise affirmed, without costs and disbursements.

This is a medical malpractice action to recover damages for fractures of the left and right femurs, which infant plaintiff sustained during her delivery by defendant physician at the defendant Flushing Hospital and Medical Center in Queens

County. Designation of venue in Bronx County was based upon plaintiffs' residence at the commencement of the action on or about December 31, 1982.

It is well settled that, things being equal, a transitory action should be tried in the county where the cause of action arose. *(McGuire v General Elec. Co.,* 117 AD2d 523; *Chaewsky v Siena Coll.,* 100 AD2d 753, *appeal dismissed* 62 NY2d 942.) Here, the alleged medical malpractice occurred in Queens, where the infant plaintiff remained hospitalized for six weeks, and where she subsequently came under the care of a pediatrician and an orthopedist. These physicians, whose offices are still in Queens, have been listed as prospective nonparty witnesses for the defendant physician.

Plaintiffs having moved to New Jersey in 1984, and there being no nexus between the alleged malpractice and Bronx County, the sole reason proffered for retention of venue therein is the convenience of the infant plaintiff's current orthopedist, who has offices in both Bronx and New York Counties. That witness' dual location falls far short of constituting a cogent reason for departing from the general rule regarding venue in transitory actions. *(See, Chung v Kivell,* 57 AD2d 790.)* Moreover, there is no reason to subordinate the convenience of the two nonparty physician witnesses to be called by defendant to that of plaintiff's nonparty physician.

Accordingly, we hold that the confluence of factors in this case favors venue in Queens County, and that the court below abused its discretion in denying defendant-appellant's cross motion for transfer thereto. *(See, McGuire v General Elec. Co., supra.)* Concur—Kupferman, J. P., Sullivan, Carro, Kassal and Ellerin, JJ.