■ FRANCES QUILES, an Infant, by Her Mother and Natural Guardian, SANDRA LOPEZ, Appellant, v RAYLENE ORSI et al., Respondents.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 28, 1991 which, insofar as appealed from, granted defendants' motion to transfer venue from Bronx County to Dutchess County, unanimously affirmed, without costs.

The convenience of plaintiff and members of her family, Bronx County residents, was properly given little weight by the IAS court in deciding whether the convenience of material witnesses would be served by a transfer of venue to Dutchess County where the accident occurred *(Lundgren v Lovejoy,*

*Wasson, Lundgren & Ashton,* 82 AD2d 912). Concerning the convenience of material witnesses, defendants met their burden of setting forth the names, addresses and occupations of the eyewitnesses whose convenience is in issue and the materiality of their testimony *(see, Andros v Roderick,* 162 AD2d 813, 814).

Plaintiff demonstrates no overwhelming hardship in having to litigate in Dutchess County by reason of the fact that a number of her treating physicians are located in the Bronx. The convenience of nonparty witnesses whose testimony bears upon the issue of damages is subordinate to the convenience of nonparty witnesses who will give testimony on questions of liability *(Risoli v Long Is. Light. Co.,* 138 AD2d 316, 318). Concur—Ellerin, J. P., Asch, Kassal and Smith, JJ.