■ ANTHONY FUCITO, Individually and as Administrator of the Estate of AILEEN A. FUCITO, Deceased, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Defendants, and COUNTY OF WESTCHESTER et al., Appellants.— Order, Supreme Court, Bronx County (Herbert Shapiro, J.),

entered December 10, 1991, which, insofar as appealed from, denied defendants-appellants' motion for a change of venue from Bronx to Westchester County, and order of the same court (Lewis Friedman, J.), entered March 19, 1992, which, insofar as appealed from, denied defendants-appellants' motion to renew, unanimously affirmed, without costs.

Since both the County of Westchester and the Board of Education of the City of New York are parties to this action for negligence and medical malpractice, both CPLR 504 (1), governing the venue of actions against a county and mandating Westchester County as the place of trial, and CPLR 504 (3), governing the venue of actions against the City of New York and mandating Bronx County as the place of trial, are applicable. The conflict thereby presented required the IAS Court to determine the most appropriate venue by taking into consideration a number of discretionary factors, including the convenience of witnesses (CPLR 502; *see, Powers v East Hudson Parkway Auth.,* 75 AD2d 776, 777). The IAS Court did not abuse its discretion in retaining venue in Bronx County where the decedent had resided and the administrator of her estate was appointed, the alleged negligence of the Board of Education took place, and treatment was rendered to the decedent by Montefiore Medical Center and several of the defendant physicians, including Dolich and Wetzel *(Young Hee Kim v Flushing Hosp. & Med. Ctr.,* 138 AD2d 252). We have reviewed defendants-appellants' remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.