■ GINA TRICARICO, Respondent, v MARIO CERASUOLO et al., Appellants, et al., Defendants. (And a Third-Party and Second Third-Party Action.) [605 NYS2d 84] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered November 10, 1992, which granted plaintiff's motion for reargument, and upon reargument, denied defendants' motion to change venue from Bronx County to Queens County, unanimously reversed, on the law and on the facts and in the exercise of discretion, and the motion is granted, with costs.

Plaintiff, a Queens County resident, was a patron at Dempsey's Bar in Queens County when she fell down an interior stairway, rendering her a paraplegic. Plaintiff commenced this personal injury action in Bronx County based solely on the fact that defendant Michael McElligott, the carpenter who constructed the stairway, is a resident of Bronx County. It is uncontested that venue in Bronx County was properly premised on McElligott's residence under CPLR 503 (a). However, the owners of the premises, defendants Mario and Carmela Cerasuolo, Queens County residents, moved for a change of venue to Queens County pursuant to CPLR 510 (3). Although the motion to change venue was originally granted by order dated June 14, 1991, in light of our decision in *Cardona v Aggressive Heating* (180 AD2d 572), the motion court recalled its prior decision on the ground that defendants' proof failed to satisfy the test set forth in *Cardona (supra).* In *Cardona (supra,* at 572), we held that to show that the convenience of material witnesses would be better served by a change of venue, this showing must include (1) the identity of the proposed witnesses, (2) the manner in which they will be inconvenienced by a trial in the county in which the action was commenced, (3) that the witnesses have been contacted and are available and willing to testify for the movant, (4) the nature of the anticipated testimony, and (5) the manner in which the anticipated testimony is material to the issues raised in the case.

Here, where the balance of factors weighs heavily in favor of placing venue in Queens County, the court inappropriately adhered to form over substance in finding that defendants' proof was technically insufficient under *Cardona (supra; see, Torres v Larsen,* 195 AD2d 285, 286-287). The cause of action arose in Queens County *(see, e.g., Samuels v Ramada, Inc.,* 190 AD2d 636). Defendants' affidavit in support of the motion identifies three non-party witnesses, who were present in Dempsey's Bar at the time of the accident, each a resident of Queens County, who will testify to the condition of the premises and their observations of plaintiff. The moving papers contain a sworn averment that the three eyewitnesses would be inconvenienced by having to testify in Bronx County. From the time of the accident, plaintiff has received medical treatment within Queens County and she is currently a resident of the Flushing Manor Care Center in Queens County. With the exception of McElligott, all of the original defendants are residents of Queens County. The only other nexus to Bronx County is that defendant and third-party defendant, Thomas Gibson, the architect of the stairway, resides in Bronx County. As was the case in *Soufan v Argo Pneumatic Co.* (170 AD2d 289), here, changing venue to Queens County, where the accident occurred, will be more convenient for material witnesses and will promote the ends of justice (CPLR 510 [3]). Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.