■ PAULA H. STONESTREET, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents. [607 NYS2d 327] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 17, 1992, which granted defendants' motion to transfer venue from New York County to Albany County, affirmed, without costs.

We agree with the IAS Court that defendants' showing as to the convenience of material non-party witnesses was sufficient to require plaintiff to come forward with countervailing conveniences justifying retention in a county other than where the cause of action arose (see, Clinton v Griffin, 176 AD2d 501). Plaintiff's residence and her bare list of treating physicians do not persuade us that this is a case warranting such exceptional treatment (see, Quiles v Orsi, 182 AD2d 499). The dissent's concern with medical witnesses ignores the well settled rule that the convenience of liability witnesses is the primary consideration in such applications (Torres v Larsen, 195 AD2d 285, 287). Concur—Sullivan, J. P., Rosenberger, Ross and Asch, JJ.

Rubin, J., dissents in a memorandum as follows: Plaintiff was injured while a passenger in one of two automobiles involved in a collision in Albany County. Aside from brief outpatient treatment at an area hospital, plaintiff received all her medical treatment in and about New York County. Venue was properly placed in this county based upon plaintiff's residence.

Change of venue in this matter is predicated on the rationale stated by this Court in Quiles v Orsi (182 AD2d 499, 500): "The convenience of nonparty witnesses whose testimony bears upon the issue of damages is subordinate to the convenience of nonparty witnesses who will give testimony on questions of liability" (citing Risoli v Long Is. Light. Co., 138 AD2d 316, 318). While I have no quarrel with the characterization of the testimony proposed to be given by defendants' witnesses, I question the rote application of the cited rule to the facts and circumstances of this action.

It is not disputed that plaintiff was a passenger in an automobile owned by defendant General Motors and operated by defendant Steven M. Epstein and that the vehicle collided with an automobile owned by defendant Robert Sausville, Sr. and operated by his daughter, Amy Sausville. The essence of the answers interposed by movants General Motors and Epstein and by the Sausville defendants is that the accident is attributable to the negligence of the operator of the other

vehicle. Moreover, all defendants allege that plaintiff did not sustain a serious injury within the meaning of Insurance Law article 51. Movants additionally assert the defense that plaintiff failed to make proper use of her seat belt.

It is charitable to collectively describe the conflicting claims of liability which defendants direct at each other as a defense inasmuch as each merely blames the other for plaintiff's injuries. To defeat recovery by plaintiff in this action, defendants will have to establish that she does not meet the "serious injury" threshold of the law (Insurance Law § 5102 [d]). Plaintiff claims that she sustained aggravation of back injuries received in a previous automobile accident which prevented her from working since 1980. Plaintiff further maintains that she suffers from various psychological ailments as the result of the most recent accident. Thus, this is a determination which must be made on the basis of the medical evidence and one which, should defendants prevail on the issue, would be dispositive of the action (Nolan v Werner Ford, 100 AD2d 579, affd 64 NY2d 681).

Having elevated the question of the severity of injury to the primary issue in this action, defendants' argument that plaintiff was obliged to set forth not only the medical witnesses she expects to call but also the substance of their testimony—advanced for the first time on appeal—is both disingenuous and precluded from consideration upon this Court's review (First Intl. Bank v Blankstein & Son, 59 NY2d 436, 447). It is not disputed that the treating physicians can testify to the nature and extent of her injuries, the materiality of which is axiomatic given the advancement of the threshold injury defense. Furthermore, because plaintiff alleges aggravation of injuries sustained in 1980, a detailed comparison of her medical condition before and after the latest accident must be made (see, Ansah v Pollack, 181 AD2d 537; Lowe v Bennett, 122 AD2d 728, affd 69 NY2d 700).

If plaintiff can demonstrate that she meets the statutory criteria to go forward with her suit, the remaining liability issue to be resolved is, from her perspective, one of contribution. It is not suggested that plaintiff, a passenger in one of the colliding automobiles, bears any responsibility for causing the accident. Her asserted failure to make proper use of her seat belt is "strictly limited to the jury's determination of the plaintiff's damages and should not be considered by the triers of fact in resolving the issue of liability" (Spier v Barker, 35 NY2d 444, 450). The liability aspect of this action involves only a determination of the relative culpability of the respec-

tive owners and operators of the vehicles in contributing to plaintiff's injuries. There can be no dispute that the assessment of plaintiff's damages also depends entirely on the medical testimony.

Whether the testimony to be provided by the liability witnesses is material within the contemplation of CPLR 510 (3) is questionable under the facts of this case. The issue to be determined as a threshold matter is fundamentally medical in nature: if defendants are correct in their universal assertion that plaintiff's injuries are not "serious" (Insurance Law § 5102 [d]), the lawsuit is over. The majority therefore purport to divest plaintiff of her chosen venue for the supposed convenience of liability witnesses whose testimony, defendants all contend, will not be required. If the case does proceed to trial on the merits, the liability issue is a question of the relative culpability of the respective defendants. Therefore, even if it is assumed that all issues will be reached upon trial, venue is being changed merely for the convenience of the respective defendants in litigating their cross claims against each other.

Finally, as a practical matter, the venue imposed is highly prejudicial to plaintiff, whose case rests on the testimony of her medical witnesses. This Court should not overlook the considerable expense for compensation of a medical witness for an appearance at trial. When the witness must travel hundreds of miles to give testimony, the cost may be prohibitive or the witness may simply decline to appear. In a case which will involve a difficult item of proof *(see, Ansah v Pollack, supra* [aggravation of heart defect]; *Lowe v Bennett, supra* [aggravation of lupus erythematosus]), the adverse effect of being unable to produce medical witnesses cannot be underestimated.

Under these circumstances, I am unable to conclude that the change of venue promotes the ends of justice (CPLR 510 [3]) and, accordingly, the order of the Supreme Court, New York County (Charles E. Ramos, J.), entered November 17, 1992, which granted defendants' motion for change of venue from New York County to Albany County, should be reversed, on the law and the facts and in the exercise of discretion, and the motion denied, without costs.