■ HARRIET BONFELD, Appellant, v SUBURBAN TRANSIT CORP. et al., Respondents. [654 NYS2d 354] —Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about January 30, 1996, which granted defendants' motion for a change of venue from Bronx County to Westchester County, is unanimously reversed, on the law and the facts, without costs, and the motion denied.

Plaintiff is a public school teacher in the Bronx and was a passenger on defendant Suburban Transit's bus when allegedly the driver defendant Alicea negligently caused the bus to stop short resulting in plaintiff being thrown into the windshield and sustaining serious injuries.

Defendant Suburban is domiciled in New Jersey. Defendant Alicea lives in Manhattan and plaintiff lives in Westchester County. Defendant Suburban moved for a change in venue on the ground of convenience to the parties, including plaintiff. The IAS Court's grant of this motion was erroneous.

"Unless there are cogent reasons to direct otherwise,

ordinarily the venue of a transitory action should be in the county where the cause of action arose" (*Brunner v Joubert*, 118 AD2d 424, 425). In the present action, the accident occurred in Bronx County on a public school outing of students at the Bronx school where plaintiff teaches. Eyewitnesses to the accident included another Bronx public school teacher who resides in the Bronx and a parent-supervisor also from the Bronx. Moreover, there was an investigation of the accident by officers from the 44th Precinct in the Bronx and records from that investigation are at the precinct. Further, relevant records of an investigation are maintained by plaintiff's school, P.S. 53, in the Bronx.

While plaintiff resided in Westchester, a transitory action may be tried in the county where the cause of action arose upon a proper showing that such will promote the convenience of non-party witnesses (*Freeman v Suk Ho Chun*, 179 AD2d 437). Concur—Milonas, J. P., Rosenberger, Wallach and Nardelli, JJ.