■ ZBIGNIEW OSSOWSKI et al., Appellants, v AMERICAN TELEPHONE & TELEGRAPH, Respondent. [655 NYS2d 436] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), dated July 15, 1996, which granted the defendant's motion pursuant to CPLR 510 (3) to transfer venue of the action from Kings County to Westchester County.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to transfer venue of the action to Westchester County is denied.

The Supreme Court improvidently exercised its discretion in granting the defendant's motion pursuant to CPLR 510 (3) to change venue. Where, as here, the plaintiffs have properly designated venue based on their residence (see, CPLR 503 [a]), a defendant is entitled to a discretionary change of venue only upon "a detailed evidentiary showing that the convenience of nonparty witnesses would in fact be served by the granting of such relief" (O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 170). Here, however, the defendant has failed to sustain its burden of showing how its proposed witnesses, who reside in New Jersey, would actually be inconvenienced by retaining venue in Kings County rather than transferring the action to Westchester County. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.