■ LORA L. RIZZUTO et al., Appellants, v AURELIA OSBORNE FOX MEMORIAL HOSPITAL SOCIETY et al., Respondents, et al., Defendants. [696 NYS2d 526] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Kings County (Bellard, J.), dated July 13, 1998, as granted those branches of the respective cross motions of the defendant Aurelia Osborne Fox Memorial Hospital Society and the defendants James D. McChesney and James D. McChesney, M.D., P. C., which were to

change venue from Kings County to Otsego County and the cross motion of the defendants Otsego Orthopaedics, P. C., Thomas V. Smallman, James J. Elting, and Laura Trombino for the same relief, and (2) an order of the same court, dated January 27, 1999, as, upon the granting of their motion to renew, adhered to the original determination.

Ordered that the appeal from the order dated July 13, 1998, is dismissed, as that order was superseded by the order dated January 27, 1999, made upon renewal; and it is further,

Ordered that the order dated January 27, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Although the plaintiffs properly placed the venue of the action in Kings County, the county of their residence (*see,* CPLR 503 [a]), the Supreme Court did not improvidently exercise its discretion in granting the respondents' cross motions to transfer venue to Otsego County based on the convenience of the witnesses and the interest of justice (*see, Supplement of Pompano Realty Corp. v Tops Mkts.,* 246 AD2d 342; *Ossowski v American Tel. & Tel.,* 237 AD2d 340; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 172-173). The evidentiary showing made by the respondents was sufficient to support the change of venue (*see, e.g., Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *Stonestreet v General Motors Corp.,* 201 AD2d 350; *Paddock Constr. v Thomason Indus. Corp.,* 133 AD2d 20), and contrary to the plaintiffs' contentions, the relief requested was not barred by laches (*see, e.g., Gennaro v Grossfeld,* 186 AD2d 718).

The plaintiffs' submissions concerning their convenience and that of their witnesses does not warrant a different conclusion, as the plaintiffs have already traveled to Otsego County to attend depositions. The plaintiffs also own a home in Unadilla, New York, near where the alleged malpractice occurred, where they could stay during the trial. Moreover, the proposed testimony of the plaintiffs' witnesses is cumulative, and concerns damages only (*see, Levi v Levi,* 201 AD2d 794; *Stonestreet v General Motors Corp.,* 201 AD2d 350, *supra; Quiles v Orsi,* 182 AD2d 499; *Risoli v Long Is. Light. Co.,* 138 AD2d 316). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.