■ ERNESTO OQUENDO, Appellant, v NATIONWIDE INSURANCE COMPANY, Respondent. [705 NYS2d 347] —Order, Supreme Court,

Bronx County (Bertram Katz, J.), entered December 28, 1998, granting defendant insurer's motion to transfer venue to Onondaga County and denying plaintiff's cross-motion to retain venue in Bronx County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, defendant's motion denied, plaintiff's cross-motion granted, and the matter remanded to the Bronx County Supreme Court for further proceedings.

Plaintiff Ernesto Oquendo seeks coverage from defendant Nationwide Insurance Company under a Liability and Supplemental Uninsured Motorist policy, in connection with an automobile accident that occurred on January 8, 1997, in the Bronx. The car owned and operated by plaintiff was struck by another car operated by Miguel Rivera and owned by Ramon Reyes. Rivera claimed that a bus had pulled in front of his car and blocked his view.

With defendant's permission, plaintiff settled the underlying tort action against Rivera and Reyes. However, according to plaintiff, Rivera and Reyes did not have sufficient automobile insurance to cover all of his losses from the accident, which included allegedly serious injuries. Therefore, he brought this action seeking payment under his Nationwide policy.

At issue on this appeal is whether venue should be retained in Bronx County, where plaintiff commenced this action, even though neither party resides there. Plaintiff is a resident of Connecticut and defendant is considered a resident of Onondaga County because its main office is in Syracuse (CPLR 503 [c]). CPLR 503 (a) directs that as a general rule, "the place of trial shall be in the county in which one of the parties resided when it was commenced." However, under CPLR 510 (3), the court, upon motion, may make an exception when "the convenience of material witnesses and the ends of justice will be promoted by the change."

As the Bronx venue originally selected by plaintiff was not within CPLR 503 (a), defendant moved to transfer the action to Onondaga County. Plaintiff cross-moved to retain venue in the Bronx, on the grounds that the accident occurred there and that some material witnesses would be inconvenienced by a change of venue to Onondaga County.

Specifically, plaintiff offered the affidavits of Jeannette Reyes, a passenger in the other vehicle, who was an eyewitness to the accident, and Dr. Louis Rose, the surgeon who treated plaintiff for injuries allegedly caused by the accident. Both of these witnesses averred that they would be willing to testify in a Bronx County action but could not travel to Onondaga County, an ap-

proximately five-hour journey from New York City. Plaintiff also noted that other potential witnesses were located in the Bronx, such as the police officer who filed the accident report and the driver of the bus that allegedly blocked Rivera's view. However, plaintiff was unable to ascertain whether these witnesses could testify in either county. Notably, in opposing plaintiff's cross-motion, defendant did not identify any witnesses for whom Onondaga County would be more convenient than Bronx County.

Changing venue from Bronx County to Onondaga County was an improvident exercise of the motion court's discretion. "Although it is proper to bring suit in a county where one of the parties resides, upon a proper showing a transitory action may also be tried in the county where the cause of action arose when such promotes the convenience of witnesses" (*Freeman v Suk Ho Chun*, 179 AD2d 437). Even though plaintiff's initial designation of venue was improper, his evidentiary submissions demonstrated that the convenience of several material witnesses would best be served by remaining in the county where the accident occurred (*see, Buterbaugh v Del Pesce*, 160 AD2d 584, 585).

Contrary to the court's analysis, the facts of the underlying accident are relevant because defendant does not concede liability. Since defendant contends that the adverse tortfeasor Rivera (in whose shoes defendant stands) may not be at fault due to the obstruction of his visibility by the bus, testimony as to how the accident occurred is crucial. Jeannette Reyes is thus a material witness who would have difficulty appearing if venue were changed. The same is true of Dr. Rose, plaintiff's damages witness. If other witnesses become available, it is likely that they will be found in the county where the accident occurred and not in Onondaga County, which has no connection to the accident. Therefore, venue should be retained in the Bronx. Concur—Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.