■ CUTIE PARKER, Appellant, v CHRISTIAN FERRARO et al., Respondents. [877 NYS2d 267]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered March 3, 2008, which, insofar as appealed from, granted defendants' motion to transfer venue to Nassau County, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff's designation of New York County as the venue for this action was proper, since corporate defendant's principal place of business is located within that county (CPLR 503 [c]; *see Margolis v United Parcel Serv., Inc.*, 57 AD3d 371 [2008]). In order to obtain a discretionary change of venue under CPLR 510 (3), "the moving party must provide detailed justification for such relief in the form of the identity and availability of proposed witnesses, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by the initial venue" (*Rodriguez v Port Auth. of N.Y. & N.J.*, 293 AD2d 325, 326 [2002]).

Defendants failed to meet this burden. In support of the motion, defendants submitted, inter alia, an affidavit from defendant driver Ferraro, "whose convenience [is] not a factor for consideration on the motion" (*Gissen v Boy Scouts of Am.*, 26 AD3d 289, 291 [2006]), and who failed to particularize his anticipated testimony. It is further noted that in opposition to defendants' motion, plaintiff submitted an affidavit from an eyewitness to the motor vehicle accident, who stated that she was available to testify and would not be inconvenienced by traveling to New York County. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ.