■ EILEEN RYAN-AVIZIENIS, Respondent, v JBEW BAR CORP., Appellant, et al., Defendant. [993 NYS2d 912]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 18, 2013, which denied defendant-appellant's motion for a change of venue from Bronx County to Suffolk County pursuant to CPLR 510 (3), unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

Plaintiff, a resident of Suffolk County, seeks to recover damages for injuries she sustained when she fell while exiting the Patchogue Pubbery, a bar located in Suffolk County. The bar is operated by defendant-appellant JBEW Bar Corp., whose principal place of business is in Suffolk County. Venue was placed in Bronx County based on the alleged principal place of business of defendant Dicaralli Corp., the owner of the premises leased to JBEW Bar.

JBEW Bar met its initial burden in support of the motion by submitting the affirmation of its counsel, who had contacted two nonparty witnesses—a former employee who was working on the night of the accident and a Village of Patchogue inspector—and averred that they were both willing to testify, the nature of their proposed testimony, and the manner in which they would be inconvenienced if they were required to travel from Suffolk County, where they live and work, to Bronx County (*see Jacobs v Banks Shapiro Gettinger Waldinger & Brennan, LLP*, 9 AD3d 299 [1st Dept 2004]; *Cardona v Aggressive Heating*, 180 AD2d 572 [1st Dept 1992]). The fact that plaintiff received medical treatment in Suffolk County after the accident also favors transfer of venue (*see Lopez v Chaliwit*, 268 AD2d 377 [1st Dept 2000]).

In opposition, plaintiff did not identify any factors of convenience that justify retention of venue in Bronx County (*see Stonestreet v General Motors Corp.*, 201 AD2d 350 [1st Dept 1994]). The alleged location of defendant Dicaralli's principal executive office in Bronx County, is an insufficient basis to deny the motion, in the face of defendant JBEW's showing of inconvenience (*see Lloyd v National Propane Corp.*, 271 AD2d 202 [1st Dept 2000]; *Tricarico v Cerasuolo*, 199 AD2d 142, 143 [1st Dept 1993]). Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.