■ CRAIG WICKMAN et al., Appellants, v PYRAMID CROSSGATES COMPANY et al., Respondents. [9 NYS3d 13]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about June 10, 2013, which, upon granting plaintiff's motion to vacate the court's default order, entered on or about March 15, 2013, considered defendants' motions to change venue from New York County to Albany County on the merits and granted the motions, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 15, 2013, unanimously dismissed, without costs, as academic.

The court properly vacated the March 2013 order and considered defendants' motions on the merits as plaintiffs showed that the short delay in filing opposition to defendants' motions was due to law office failure, and defendants were not

prejudiced (*see* CPLR 2004; *see also Attarian v Cutting Edge Marble & Granite*, 285 AD2d 432 [1st Dept 2001]; *Scott v Allstate Ins. Co.*, 124 AD2d 481, 483-484 [1st Dept 1986]).

Venue in this action for personal injuries sustained by plaintiff Craig Wickman when he slipped and fell in defendants' shopping mall was properly transferred to Albany County. As noted by plaintiffs, residents of Kentucky, the designation of New York County as the venue for trial of this action was proper, since the principal places of business of two of the corporate defendants are located within that county (CPLR 503 [c]; *Parker v Ferraro*, 61 AD3d 470 [1st Dept 2009]). However, the situs of plaintiff's injury provides a basis for a discretionary change of venue to Albany County (CPLR 510 [3]) in that, "things being equal, a transitory action should be tried in the county where the cause of action arose" (*Young Hee Kim v Flushing Hosp. & Med. Ctr.*, 138 AD2d 252, 253 [1st Dept 1988]). This rule "is predicated on the notion of convenience for trial witnesses to be present at trial" (*Chimarios v Duhl*, 152 AD2d 508, 509 [1st Dept 1989]; *see also Freeman v Suk Ho Chun*, 179 AD2d 437 [1st Dept 1992]).

In support of the discretionary change of venue, defendants submitted affidavits by the housekeeping supervisor for defendant UNICCO Service Co. sued herein as UGL Services UNICCO Operations Co., an individual who witnessed the injured plaintiff's fall and the police sergeant who responded to the scene, all of whom reside in Albany County. While the sergeant's report indicates only that he arrived well after the accident and was provided second-hand information by the other plaintiff, an eyewitness to the fall is clearly in a position to provide material testimony, and she would be inconvenienced by a trial in New York County (*see Bonfeld v Suburban Tr. Corp.*, 236 AD2d 335 [1st Dept 1997]). Since the only nexus of this matter to this county is the principal place of business of the property manager and the security contractor for the shopping center, venue in the county where the action arose will better serve the convenience of a material witness and promote the ends of justice (*see Tricarico v Cerasuolo*, 199 AD2d 142 [1st Dept 1993]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kapnick, JJ.