Carr v Trans Am. Express, Inc. (2018 NY Slip Op 01446)





Carr v Trans Am. Express, Inc.


2018 NY Slip Op 01446


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5912 5642/14 984/15 5911

[*1]Keesha Carr, 
 Plaintiff-Respondent, v
Trans American Express, Inc., et al., 
 Defendants-Appellants.

Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Louise M. Cherkis of counsel), for appellants.

Law Firm of Vaughn, Weber & Prakope, PLLC, Mineola (John A. Weber IV of counsel), for respondent.




 Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered August 18, 2016, which, in an action arising out of a motor vehicle accident that occurred in Bronx County, denied defendants' motion to change venue from New York County to Nassau County, and granted plaintiff's cross motion to change venue from New York County to Bronx County, unanimously reversed, on the law and the facts, the motion granted, and the cross motion denied, without costs.

 Plaintiff Keesha Carr chose an improper place of trial in the first instance by placing venue in New York County. It is undisputed that she resided in Nassau County when the action was commenced; plaintiff does not allege that the individual defendant resided, or that the corporate defendant had a principal office, within New York County. 

 Supreme Court improvidently exercised its discretion by denying defendants' motion to change venue (see Newman v Physicians' Reciprocal Insurers, 204 AD2d 210 [1st Dept 1994]), because they established that plaintiff resided in Nassau County when the action was commenced (CPLR 503[a]).

 Although plaintiff was not precluded from making an application to change venue pursuant to CPLR 510(3) (see Berberich v York Scaffold Equip. Corp., 177 AD2d 451, 451-452 [1st Dept 1991]; Carrasco v Cablevision Sys. Corp., 248 AD2d 122, 123 [1st Dept 1998]), the court improvidently exercised its discretion in granting her cross motion because plaintiff failed to demonstrate, inter alia, the existence of material witnesses whose convenience is at issue, and the substance of their testimony (see Oquendo v Nationwide Ins. Co., 270 AD2d 174, 175-176 [1st Dept 2000]; Bonfeld v Suburban Tr. Corp., 236 AD2d 335, 336 [1st Dept 1997]; Quiles v Orsi, 182 AD2d 499, 499-500 [1st Dept 1992]).

 THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK