Marcus v Jason & Bill's Pool Serv. (2019 NY Slip Op 08974)





Marcus v Jason & Bill's Pool Serv.


2019 NY Slip Op 08974


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Gische, J.P., Mazzarelli, Singh, Moulton, JJ.


10594N 652330/18

[*1] Harvey Marcus, Plaintiff-Appellant,
v
Jason & Bill's Pool Service, et al., Defendants-Respondents.


Hecht, Kleeger & Damashek, P.C., New York (Jordan Hecht of counsel), for appellant.
Thomas Gibbons, Southampton, for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 11, 2019, which, in this action alleging, inter alia, breach of contract, granted defendants' motion to change venue from New York County to Suffolk County pursuant to CPLR 510(3), unanimously affirmed, with costs.
There exists no basis to disturb the motion court's decision to change venue to Suffolk County. The record shows that the pool that defendants were hired to perform work on is located in Suffolk County, and defendants submitted an affirmation of their counsel identifying a nonparty material witness who was allegedly present during some of the events in question and has indicated that although he was willing to testify about what he observed, he would be inconvenienced if required to travel from Suffolk County, where he lives and works, to New York County (see Ryan-Avizienis v JBEW Bar Corp., 121 AD3d 579 [1st Dept 2014]; Tricarico v Cerasuolo, 199 AD2d 142, 143 [1st Dept 1993]).
The record further shows that two of plaintiff's nonparty witnesses would not be inconvenienced by venue being changed to Suffolk County because they frequently visited the subject premises before the action was commenced, and plaintiff's third nonparty witness's testimony is not material.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK