Manchanda Law Off. PLLC v Marin (2020 NY Slip Op 07501)





Manchanda Law Off. PLLC v Marin


2020 NY Slip Op 07501


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 652477/19 Appeal No. 12639N Case No. 2020-02426 

[*1]Manchanda Law Office PLLC, Plaintiff-Appellant,
v
Vitalie Marin, Defendant-Respondent.


L'Abbate, Balkan, Colavita & Contini, LLP, Garden City (Marian C. Rice of counsel), and Monarch Law Group, New York (Robert G. Androsiglio of counsel), for appellant.
Max Smelyansky, Albany, for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered November 1, 2019, which, in this action seeking a de novo review of a fee dispute arbitration, granted defendant's motion to change of venue from New York County to Albany County pursuant to CPLR 510(3), unanimously affirmed, without costs.
There exists no basis to disturb the motion court's decision to change venue to Albany County on the grounds that the convenience of nonparty witnesses and the interests of justice would be better served by a change of venue. Defendant supported the motion with affidavits from three witnesses based in Albany County, which showed that they are available and willing to testify on behalf of the movant, the nature of their testimony and the manner in which it is material to issues raised in the case, and the manner in which they would be inconvenienced if required to travel to New York County (see Marcus v Jason & Bill's Pool Serv., 178 AD3d 546 [1st Dept 2019]). Plaintiff did not identify, in opposition, factors that would justify retention of venue in New York County, such as by showing that any, let alone the preponderance of, the material nonparty witnesses to the fee dispute are located in there (see Ryan-Avizienis v JBEW Bar Corp., 121 AD3d 579 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020