Black v Fraken Bldrs., Inc. (2021 NY Slip Op 00902)





Black v Fraken Bldrs., Inc.


2021 NY Slip Op 00902


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 29274/18E Appeal No. 13115N Case No. 2020-01997 

[*1]Lisa Black, as Administratrix of the Estate of Anthony D. Harris, Deceased, Plaintiff-Appellant,
v
Fraken Builders, Inc., et al., Defendants-Respondents, West Bend et al., Defendants.


PeÑa & Kahn, PLLC, Bronx (Diane Welch Bando of counsel), for appellant.
Law Office of James J. Toomey, New York (Evy Kazansky of counsel), for Fraken Builders, Inc., respondent.
Thompson Hine LLP, Cleveland, OH (Conor A. McLaughlin, of the bar of the State of Ohio, admitted pro hac vice, of counsel), for Focus Products Group International, LLC, respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about January 8, 2020, which granted defendant Fraken Builders, Inc.'s motion, and the cross motion of defendant Focus Products Group International, LLC, to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.
Defendants met their burden for a discretionary change of venue of this action from Bronx County to Westchester County (Wickman v Pyramid Crossgates Co., 127 AD3d 530, 531 [1st Dept 2015]; see Tricarico v Cerasuolo, 199 AD2d 142 [1st Dept 1993]). "[T]he situs of plaintiff's injury provides a basis for a discretionary change of venue . . . (CPLR 510[3]) in that, 'things being equal, a transitory action should be tried in the county where the cause of action arose'" (Wickman, 127 AD3d at 531, quoting Young Hee Kim v Flushing Hosp. & Med. Ctr., 138 AD2d 252, 253 [1st Dept 1988]).
Here, the injury arose in Westchester County. Additionally, the principal place of business of defendant, Fraken Builders, Inc., the owner of the building where the alleged incident occurred and plaintiff's decedent resided, is in Westchester County, plaintiff identified as potential nonparty witnesses multiple emergency and medical professionals affiliated with the New Rochelle Fire Department, Westchester County Office of Medical Examiner, and New Rochelle Hospital, in Westchester County, and all relevant medical and police records are situated in Westchester County (see Tricarico, 199 AD2d 142 at 143). Moreover, plaintiff subsequently relocated from Bronx County to Nassau County (see Young Hee Kim, 138 AD2d, at 253. Under these circumstances, changing venue to Westchester County will better promote the ends of justice (see Hayland Farms Corp. v Aetna Cas. & Sur. Co., 89 AD2d 516 [1st Dept 1982]; see also Country-Wide Ins. Co. v Melia, 169 AD3d 452 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021