■ HECTOR TORRES, Respondent, v GLEN LARSEN et al., Appellants. [599 NYS2d 597] —Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered January 29, 1992, denying defendants' motion for a change of venue from Bronx

County to Orange County, unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs or disbursements, and the motion granted.

This lawsuit, venued in Bronx County, arises out of a July 29, 1988 accident, which occurred in the Village of Washingtonville, Orange County, New York, between a vehicle operated by plaintiff, a Bronx resident, and one owned and operated by defendants Glen Larsen and Eric Nilson, respectively. Officer Fred Conklin of the Montgomery Police Department and a resident of Orange County investigated the accident, examining both vehicles, as well as the accident scene, and interviewing both drivers. No other non-party witness with respect to the issue of liability has been identified by the parties. In an affirmation submitted in support of a motion pursuant to CPLR 510 (3) for a change of venue to Orange County, counsel for defendants alleged that Officer Conklin, whose testimony is both material and necessary and who will assuredly be a witness at trial, had informed counsel's investigator that it would be a great inconvenience for him to travel to Bronx County for trial. In addition, his absence from duty during the trial and in travelling to and from the Bronx would impose a burden on the Montgomery Police Department. In opposition, plaintiff failed to name, on the issue of liability, a single non-party witness who would be inconvenienced by a change of venue. Although plaintiff raised the issue of the convenience of his medical experts, alleging that "almost all of [his] medical treatment has been in Bronx County," the residences of these witnesses is nowhere mentioned. The court denied the motion because of defendants' counsel's failure to indicate that he himself had spoken to Officer Conklin or to include an affidavit from the officer. In so ruling, it described counsel's affirmation as to the inconvenience to the officer as "double hearsay" and of no probative value on the issue. We reverse.

In holding that a change of venue must be supported by an affidavit of the material non-party witness whose convenience is at issue, the IAS Court ignored this Court's determination in *Soufan v Argo Pneumatic Co.* (170 AD2d 289, 290), where we held, "A movant's burden is met if there are sworn averments that the witnesses have indicated that they would be inconvenienced." Courts confronted with this issue would do well to remember that a motion for a change of venue is not a motion for summary judgment or even a dispositive motion on an issue of fact. The attorney's affirmation in this case detailed the general nature of the officer's anticipated

testimony and spelled out the inconvenience to him, as indicated to counsel's investigator by the witness, in testifying at a trial in Bronx County. Nothing else was required.

It is well settled that "the convenience of nonparty witnesses whose testimony will ultimately bear on the issue of damages is subordinate to the convenience of nonparty witnesses who will give testimony on questions of liability." (*Risoli v Long Is. Light. Co.*, 138 AD2d 316, 318.) Finally, even though the relevant factors are not evenly balanced but, rather, weigh in favor of venue in Orange County, we take note of the rule that, "other things being equal, a transitory action should be tried in the county where the cause of action arose." (*Supra*, at 318; *Slavin v Whispell*, 5 AD2d 296, 297-298.) Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.