■ ELIZABETH MORALES, an Infant, by Her Mother and Natural Guardian, RAFAELA BRITO, et al., Respondents, v WELLS FARGO ALARM SERVICES, INC., et al., Appellants, et al.,

Defendants. [701 NYS2d 370] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about May 5, 1998, which, in an action arising out of an automobile accident in Queens County, denied defendants-appellants' motion to change venue from Bronx County to Queens County, unanimously affirmed, without costs.

The motion court correctly held that the Queens County police officer who responded to the accident would not be so inconvenienced by having to go to the Bronx as to warrant a change of venue to that county (see, Pittman v Maher, 202 AD2d 172, 177; compare, Torres v Larsen, 195 AD2d 285). Nor is such a change warranted by the Queens County residence of most of the parties (see, Dashman v Really Useful Theatre Co., 167 AD2d 325). No proper showing of inconvenience is made with respect to plaintiff's medical providers.

The Bronx venue was initially proper, based on the residence of defendant Landrum, at which location he was served with process. Only the alleged convenience of Queens non-party residents is raised as a basis for Queens venue. Concur—Williams, J. P., Mazzarelli, Wallach, Andrias and Friedman, JJ.