■ GLADYS G. SAMUEL et al., Appellants, v RICHARD S. GREEN et al., Respondents. [714 NYS2d 745] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Mason, J.), dated January 25, 2000, which granted the defendants' motion to change the venue of the action from Kings County to Richmond County.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action seeking damages for injuries allegedly sustained by the plaintiff Gladys G. Samuel as a result of a motor vehicle accident in Richmond County. After the plaintiffs commenced this action in Kings County, the defendants moved to change the venue of the action to Richmond County. The defendants submitted evidence establishing prima facie that all of the parties reside in Richmond County (*see,* CPLR 503 [a]). The evidence included a police accident report which stated that the injured plaintiff resides in Richmond County.

In opposition, the plaintiffs contended that they have and occupy a residence in Kings County. However, to consider a place as a residence for venue purposes, one must " 'stay there for some time and have the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency' " (*Mandelbaum v Mandelbaum,* 151 AD2d 727; *see, Buziashvili v Ryan,* 264 AD2d 797; *Siegfried v Siegfried,* 92 AD2d 916; *Katz v Siroty,* 62 AD2d 1011). The evidence submitted by the plaintiffs was insufficient to establish, for the purpose of venue, that the plaintiffs had a second residence in Kings County (*cf., Schaefer v Schwartz,* 226 AD2d 619; *Martinez v Hudson Armored Car & Courier,* 201 AD2d 359). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.

■ ANDREW SCHIFFER, Respondent, v EDGAR SCHIFFER et al., Appellants. [716 NYS2d 583] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered September 23, 1999, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $312,500.

Ordered that the judgment is affirmed, with costs.

Under the circumstances of this case, there is no basis to reverse or modify the judgment under review. Ritter, J. P., Florio, H. Miller and Feuerstein, JJ., concur.