MARCIA ELLIS et al., Respondents, v LEWIS H. WIRSHBA et al., Appellants. [796 NYS2d 388]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 30, 2004, which denied their motion to change venue of the action from New York County to Westchester County.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was pursuant to CPLR 510 (3) for a discretionary change of venue and substituting therefor a provision denying that branch of the motion with leave to the defendants to renew in the Supreme Court, New York County; as so modified, the order is affirmed, with costs to the plaintiffs.

In support of that branch of their motion which was pursuant to CPLR 510 (1) to change the venue of the action from New York County to Westchester County as of right, the defendants made a prima facie showing that all of the parties resided in Westchester County (*see Samuel v Green*, 276 AD2d 687 [2000]). In opposition, the plaintiffs contended that they resided in New York County at the time the action was commenced (*see* CPLR 503 [a]). For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency (*see Samuel v Green, supra; Jones-Ledbetter v Biltmore Auto Sales*, 229 AD2d 518, 519 [1996]; *Mandelbaum v Mandelbaum*, 151 AD2d 727, 728 [1989]). The plaintiffs' affidavits and the annexed copies of the sublease and contract for the sale of a cooperative apartment, utility bill, stock certificate, and liability insurance sufficiently established the plaintiffs' bona fide intent to retain New York County as their residence with some degree of permanency at the time of the commencement of the action (*see Schaefer v Schwartz*, 226 AD2d 619, 620 [1996]; *Martinez v Hudson Armored Car & Courier*, 201 AD2d 359 [1994]; *cf.*

*Gladstone v Syvertson*, 186 AD2d 400 [1992]; *Martinez v Semicevic*, 178 AD2d 228 [1991]). Accordingly, that branch of the defendants' motion which was for a change of venue as of right was properly denied.

However, the court erred in denying that branch of the defendants' motion which was pursuant to CPLR 510 (3) for a discretionary change of venue without granting leave to renew in the Supreme Court, New York County. "A motion to change venue on discretionary grounds, unlike motions made as of right, must be made in the county in which the action is pending, or in any county in that judicial district, or in any adjoining county" (*Voorhees v Babcock & Wilcox Corp.*, 150 AD2d 677, 678 [1989]; *see* CPLR 2212 [a]; *Matter of D.M.C. Constr. Corp. v Nash Steel Corp.*, 70 AD2d 635, 637 [1979]). Here, the action was pending in the Supreme Court, New York County, and the defendants' motion was made in the Supreme Court, Westchester County. Accordingly, that branch of the defendants' motion which was pursuant to CPLR 510 (3) for a change of venue as a matter of discretion should have been denied with leave to renew in the Supreme Court, New York County. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.