■ CYLA STERN et al., Respondents, v PAUL A. EPSTEIN et al., Appellants. [817 NYS2d 299]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 17, 2005, as, after a hearing on the issue of residency for purposes of venue, denied the defendants' motion to change venue from Kings County to Nassau County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

The plaintiffs' use of their medical office in Kings County to sleep over for convenience a couple of nights a week did not render them residents of Kings County for venue purposes (see Samuel v Green, 276 AD2d 687 [2000]; Katz v Siroty, 62 AD2d 1011 [1978]; Hammerman v Louis Watch Co., 7 AD2d 817 [1958]; cf. Ellis v Wirshba, 18 AD3d 805 [2005]). Accordingly, the defendants' motion to change venue from Kings County to Nassau County, where the plaintiffs' principal residence is located and where all of the defendants reside, should have been granted. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.