█ ODESSA JOHNSON, Appellant, v NANCY GIOIA et al., Respondents. [835 NYS2d 208]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated July 5, 2006, which granted the defendants' motion to transfer venue of this action from Kings County to Nassau County pursuant to CPLR 510 and 511.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter for a new determination of the motion.

The plaintiff selected Kings County as the venue of this action based on her purported residence (*see* CPLR 503 [a]). The defendants moved to transfer venue (*see* CPLR 511), presenting evidence that the plaintiff did not reside in Kings County when she commenced this action. In her opposition papers, the plaintiff submitted, among other things, a vehicle registration document, a phone bill, a bank statement, and a tax return form, which collectively raised an issue of fact as to whether she resided in Kings County at the time of commencement of this action. Since this issue of fact could not properly have been resolved on the papers alone, the Supreme Court should have held a hearing on the issue of residency (*see Ramondi v Paramount Leasehold, L.P.,* 37 AD3d 447 [2007]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.