■ JESUS COREA, Respondent, v STEVENSON BROWNE et al., Appellants. [845 NYS2d 825]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an

order of the Supreme Court, Westchester County (La Cava, J.), entered December 15, 2006, as denied that branch of their motion which was pursuant to CPLR 510 (1) and 511 to change the place of trial of the action from Bronx County to Westchester County on the ground that Bronx County was not a proper county.

Ordered that the order is affirmed insofar as appealed from, with costs.

A demand to change the place of trial of an action on the ground that the county designated is not a proper county because none of the parties resided there at the time the action was commenced (see CPLR 503 [a]; 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]; see Runcie v Cross County Shopping Mall, 268 AD2d 577 [2000]). If that demand is not met, a motion must be made "within fifteen days after service of the demand" (CPLR 511 [b]). The defendants substantially complied with the statute when they served a demand together with the amended answer and made a motion within the 15-day period required under the statute, even though they failed to serve a demand together with the original answer (see Ross v City of Rochester, 8 NY2d 1067 [1960]; Penniman v Fuller & Warren Co., 133 NY 442, 444 [1892]; Cola-Rugg Enters. v Consolidated Edison Co. of N.Y., 109 AD2d 726 [1985]; Boro Kitchen Cabinets v Spalt, 9 AD2d 925 [1959]). Since the amended answer, which was served in response to the amended complaint, was not served with the intent of delaying the prosecution of the action, the service of the demand was timely (see Penniman v Fuller & Warren Co., 133 NY at 444; Boro Kitchen Cabinets v Spalt, 9 AD2d 925 [1959]).

The plaintiff properly commenced this action in Bronx County based upon the county of his residence at the time of the commencement of the action (see CPLR 503 [a]). In support of that branch of their motion which was for a change of place of trial on the ground that Bronx County was not a proper county, the defendants were required to establish, through documentary evidence, that the plaintiff was not a resident of Bronx County at the time that the action was commenced (see Furth v ELRAC, Inc., 11 AD3d 509, 510 [2004]; Merendino v Lloyd, 172 AD2d 594 [1991]). The defendants failed to do so. Accordingly, the Supreme Court properly denied that branch of their motion. Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.