■ GEORGINA BAEZ, Respondent, v STUART MARCUS et al., Appellants. [874 NYS2d 134]—

In an action to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated January 24, 2008, as, in effect, upon granting reargument, adhered to its original determination in an order of the same court dated September 5, 2007, denying that branch of their cross motion which was pursuant to CPLR 511 to change venue from Kings County to New York County.

Ordered that the order is affirmed insofar as appealed from, with costs.

As the Supreme Court reviewed the merits of the defendants' arguments on their motion for leave to reargue, the court, in effect, granted reargument and adhered to its original determination. Therefore, the order dated January 24, 2008, made upon reargument, is appealable (*see Matter of Mattie M. v Administration for Children's Servs.,* 48 AD3d 392, 393 [2008]; *McNeil v Dixon,* 9 AD3d 481, 482 [2004]).

A demand to change venue based on the designation of an

improper county (*see* CPLR 503 [a]; 510 [1]) must be "served with the answer or before the answer is served" (CPLR 511 [a]). Here, since the defendants failed to serve a timely demand for a change of venue to New York County, and failed to make a motion for that relief within the statutory 15-day period (*see* CPLR 511 [b]), they were not entitled as of right to a change of venue to New York County (*see Obas v Grappell,* 43 AD3d 431 [2007]; *Joyner-Pack v Sykes,* 30 AD3d 469 [2006]; *Harleysville Ins. Co. v Ermar Painting & Contr., Inc.,* 8 AD3d 229, 230 [2004]). Thus, their motion "became one addressed to the court's discretion" (*Callanan Indus. v Sovereign Constr. Co.,* 44 AD2d 292, 295 [1974]; *see Obas v Grappell,* 43 AD3d at 432; *Pittman v Maher,* 202 AD2d 172, 175 [1994]). Upon reargument, the Supreme Court providently exercised its discretion since the defendants failed to move promptly for a change of venue after ascertaining the plaintiff's alleged true residence (*see Acosta v Hadjigavriel,* 6 AD3d 636 [2004]; *Runcie v Cross County Shopping Mall,* 268 AD2d 577 [2000]). In any event, the defendants failed to meet their initial burden of demonstrating that none of the parties resided in Kings County at the time of the commencement of the action (*see Galan v Delacruz,* 4 AD3d 449 [2004]; *Bailon v Avis Rent A Car,* 270 AD2d 439 [2000]; *Llorca v Manzo,* 254 AD2d 396, 397 [1998]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.