■ GEORGE FEATHER, Appellant, v ANTHONY J. GOGLIA, Respondent. [886 NYS2d 180]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered July 31, 2008, which granted the defendant's motion pursuant to CPLR 510 and 511 to transfer the venue of the action from Queens County to Nassau County.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County,

for a hearing in accordance herewith, and thereafter for a new determination of the motion.

The plaintiff placed the venue of this action in Queens County based upon the defendant's purported residence at the time of the commencement of the action (*see* CPLR 503 [a]). The defendant moved to transfer the venue of the action to Nassau County, alleging that he did not reside in Queens County when the action was commenced. In support of the motion, the defendant submitted, inter alia, several mobile telephone bills and a motor vehicle lease bearing his name and a Nassau County address, and several electric bills addressed to a person named Catherine Goglia at the same Nassau County address. Thus, the defendant raised an issue of fact as to whether he resided in Nassau County when this action was commenced (*see Johnson v Gioia*, 38 AD3d 845 [2007]; *Rivera v Jensen*, 307 AD2d 229, 230 [2003]). Furthermore, the evidence submitted by the plaintiff in opposition, that the defendant's driver's license listed a Queens County address and that the vehicle registration listed a Nassau County address, only raised further issues of fact regarding residency (*see Gonzalez v Weiss*, 38 AD3d 492 [2007]). Since this issue of fact could not properly have been resolved on the papers alone, the Supreme Court should have held a hearing on the issue of residency prior to determination of the motion (*see Johnson v Gioia*, 38 AD3d 845 [2007]; *Ramondi v Paramount Leasehold, L.P.*, 37 AD3d 447 [2007]).

The plaintiff's contention that the defendant is estopped from contesting venue because the defendant failed to comply with Vehicle and Traffic Law § 505 (5) is without merit. The cases relied upon by the plaintiff are distinguishable, inasmuch as all of those cases address service of process (*see e.g. Walker v Reyes*, 59 AD3d 436, 437 [2009]; *Candela v Johnson*, 48 AD3d 502, 503 [2008]; *Velasquez v Gallelli*, 44 AD3d 934, 935 [2007]). In contrast, the instant appeal involves a motion pursuant to CPLR 510 and 511 to transfer the venue of the action. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.