■ ALEXANDRA FIALLOS, Individually and as Mother and Natural Guardian of LUCIANA VERA FIALLOS, an Infant, Appellant, v NEW YORK UNIVERSITY HOSPITAL, Respondent. [926 NYS2d 483]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about February 8, 2010, which granted defendant's motion for a change of venue, reversed, on the law and the facts, without costs, and the motion denied.

In making its motion, defendant assumed the burden of disproving plaintiff's Bronx County residence (*see e.g. Clarke v Ahern Prod. Servs.*, 181 AD2d 514 [1992]). Counsel's affidavit by which he cites unspecified "investigative efforts" that revealed that someone other than plaintiff occupied the apartment amounts to mere hearsay and is insufficient to carry defendant's initial burden (*see Hurley v Union Trust Co. of Rochester*, 244 App Div 590 [1935]). Even if accepted, defendant's proof would fall far short of establishing that plaintiff did not live anywhere in Bronx County when this action was commenced. Accordingly, defendant's failure to meet its initial burden of making a prima facie showing of entitlement to relief makes it unnecessary to consider the sufficiency of plaintiff's opposition to the motion (*see e.g. Frees v Frank & Walter Eberhart L.P. No.1*, 71 AD3d 491, 492 [2010]). Concur—Mazzarelli, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.

Sweeny, J., dissents in a memorandum as follows: I would affirm the granting of the motion to change venue.

The burden is on the defendant, as the movant, to establish that plaintiff improperly designated Bronx County as the venue for this action (*see Garced v Clinton Arms Assoc.*, 58 AD3d 506, 509 [2009]). This burden may, under appropriate circumstances, be satisfied by submitting counsel's sworn averment explaining why there are insufficient grounds for venue as laid (*see Torres v Larsen*, 195 AD2d 285, 286-287 [1993]). Although *Torres* concerned a CPLR 510 (3) motion to change venue due to the inconvenience of witnesses, its reasoning extends to this CPLR 510 (1) motion seeking to change venue due to the action having been brought in the wrong county.

Here, there is no question that defendant is located in New York County, the alleged malpractice occurred there and the medical records concerning plaintiff's treatment are also located there. These are facts that support defendant's motion for a change of venue (*see Castro v New York Hosp. Med. Ctr. of Queens*, 52 AD3d 251, 252 [2008]; *Goldberg v Bierman*, 35 AD3d 807, 808 [2006]). While the better practice would have been for defendant to elaborate on and provide documentary evidence of its claims that plaintiff did not reside at the Bronx addresses she gave in her opposition papers as well as the address listed on the summons, the attorney's affirmation did set forth sufficient information to meet defendant's initial burden. For example, the affirmation in response to plaintiff's opposition papers affirmatively stated that the residents of the apartment plaintiff claimed as her address were listed as two other named persons, not plaintiff.

Plaintiff, in response, failed to objectively demonstrate that she resided in Bronx County at the time she filed the complaint. In opposition to defendant's motion, plaintiff submitted (1) her self-serving affidavit stating that she was a resident of Bronx County at the time the action was commenced, and (2) a phone bill in Bronx County dated *prior* to commencement of the action. Moreover, plaintiff's medical records showing a Bronx address submitted in opposition to defendant's motion related to medical treatment prior to the commencement of this action.

Since plaintiff failed to demonstrate her residence in Bronx County on the date of the commencement of the action, the motion court acted properly in changing venue to New York County.