■ ARJOI TIANGCO, Respondent, v JOSE ANDRICKSON, Appellant. [982 NYS2d 913]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated March 14, 2013, which denied his motion to transfer venue of this action from Kings County to New York County.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter for a new determination of the motion.

The plaintiff selected Kings County as the venue of this action based on his purported residence there (*see* CPLR 503 [a]).

The defendant moved to change venue (*see* CPLR 511), presenting evidence which established, prima facie, that the plaintiff resided in Queens County, and that venue should be placed in New York County based on the defendant's residence (*see Morreale v 105 Page Homeowners Assn., Inc.*, 64 AD3d 689, 690 [2009]; *Samuel v Green*, 276 AD2d 687 [2000]). In opposition, however, the plaintiff's submissions were sufficient to raise an issue of fact warranting a hearing on the issue of whether he resided in Kings County at the time of the commencement of this action (*see Feather v Goglia*, 65 AD3d 1186, 1187 [2009]; *Johnson v Gioia*, 38 AD3d 845 [2007]; *Ramondi v Paramount Leasehold, L.P.*, 37 AD3d 447 [2007]). Since this issue of fact could not have been properly resolved on the papers alone, the Supreme Court should have held a hearing on the issue of residency prior to determination of the motion. Dillon, J.P., Balkin, Leventhal and Chambers, JJ., concur.