■ NED DEAS, Respondent, v CHAUDHARY M. AHMED, Appellant. [991 NYS2d 661]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 4, 2013, which denied his motion to change venue of the action from Kings County to Nassau County.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in Kings County. Thereafter, the defendant served a timely demand for a change of venue, and subsequently moved in timely fashion to change venue from Kings County to Nassau County, where the defendant maintained a residence. The defendant alleged that Kings County was not a proper venue because neither party resided there at the time of the commencement of the action. The Supreme Court denied the defendant's motion to change venue. The defendant appeals.

CPLR 503 (a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Ellis v Wirshba,* 18 AD3d 805, 805 [2005]; *see Forbes v Rubinovich,* 94 AD3d 809, 810 [2012]; *Furth v ELRAC, Inc.,* 11 AD3d 509, 510 [2004]). Residence means living in a particular place, while domicile means "living in that locality with intent to make it a fixed and permanent home" (*Matter of Newcomb,* 192 NY 238, 250 [1908]; *see King v Car Rentals, Inc.,* 29 AD3d 205, 210 [2006]; *cf. Antone v General Motors Corp., Buick Motor Div.,* 64 NY2d 20, 29-30 [1984]). In the context of determining the proper venue of an action, a party may have more than one residence (*see* CPLR 503 [a]; *King v Car Rentals, Inc.,* 29 AD3d at 210).

In order to prevail on a motion pursuant to CPLR 510 (1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper (*see* CPLR 511 [b]; *Gonzalez v Sun Moon Enters.*

*Corp.*, 53 AD3d 526, 526 [2008]; *see also Lopez v K Angle K, Inc.*, 24 AD3d 422, 423 [2005]). To succeed on his motion here, the defendant was obligated to demonstrate that, on the date that this action was commenced, neither of the parties resided in Kings County (*see Chehab v Roitman*, 120 AD3d 736 [2014] [decided herewith]; *Ramos v Cooper Tire & Rubber Co.*, 62 AD3d 773 [2009]; *Baez v Marcus*, 58 AD3d 585, 586 [2009]; *Corea v Browne*, 45 AD3d 623, 624 [2007]; *see also Clarke v Ahern Prod. Servs.*, 181 AD2d 514, 515 [1992]). Only if the defendant made such a showing would the plaintiff have been required to establish, in opposition, that the venue that he selected was proper (*see Chehab v Roitman*, 120 AD3d 736 [2014] [decided herewith]; *Buziashvili v Ryan*, 264 AD2d 797 [1999]).

Here, the sole piece of evidence that the defendant submitted with respect to the plaintiff's residence was the police accident report referable to the subject accident. This evidence merely showed that, when the accident occurred, the plaintiff maintained a residence in New York County. However, this evidence failed to demonstrate that the plaintiff did not maintain a residence in Kings County at the time the action was commenced, more than two years after the accident (*see Chehab v Roitman*, 120 AD3d 736 [2014] [decided herewith]; *Ramos v Cooper Tire & Rubber Co.*, 62 AD3d at 773; *Baez v Marcus*, 58 AD3d at 586; *Corea v Browne*, 45 AD3d at 624; *see also Fiallos v New York Univ. Hosp.*, 85 AD3d 678, 678 [2011]; *Clarke v Ahern Prod. Servs.*, 181 AD2d at 515). Consequently, the defendant failed to meet his initial burden.

Although a plaintiff may choose venue based solely on a defendant's address, as set forth in a police accident report (*see Gonzalez v Weiss*, 38 AD3d 492, 493 [2007]; *Furth v ELRAC, Inc.*, 11 AD3d at 510), a police accident report referable to the subject accident, standing alone, is not sufficient evidence to demonstrate that, on the date that an action is commenced, a plaintiff does not reside in the county where he or she elects to place the venue of trial (*see Chehab v Roitman*, 120 AD3d 736 [2014] [decided herewith]). To the extent that this Court's decisions in *Samuel v Green* (276 AD2d 687 [2000]) and *Senzon v Uveges* (265 AD2d 476 [1999]) may be read to indicate the contrary, they should not be followed.

Accordingly, the Supreme Court properly denied the defendant's motion to change venue of the action from Kings County to Nassau County. Skelos, J.P., Lott, Roman and Miller, JJ., concur.