■ Mohamad H. Chehab, Respondent, v Vladimir Roitman, Appellant. [992 NYS2d 74]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Graham, J.), entered November 29, 2012, which denied his motion to change the venue of the action from Kings County to Queens County.

Ordered that the order is affirmed, with costs.

In July 2012, the plaintiff commenced this action in the Supreme Court, Kings County, to recover damages for personal injuries against the defendant, stemming from an accident involving the defendant's motor vehicle and the plaintiff's bicycle that had occurred in Manhattan approximately two months earlier. According to the summons, the plaintiff chose Kings County as the place of trial for this action based upon his residence. When the defendant answered the complaint, he served a demand to change venue from Kings County to Queens County on the ground that Kings County was improper since neither party resided there. Thereafter, the defendant moved to change venue to Queens County. In support of his motion, the defendant submitted the police accident report, which indicated that the plaintiff's driver license, as presented at the time of the accident, identified an address in El Paso, Texas. The defendant also submitted the pleadings, his own New York State driver license showing that he was a resident of Queens County, and

his vehicle's registration demonstrating that his vehicle was registered at an address in Queens County. The Supreme Court denied the motion.

CPLR 503 (a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Ellis v Wirshba*, 18 AD3d 805, 805 [2005]; *see Forbes v Rubinovich*, 94 AD3d 809, 810 [2012]; *Furth v ELRAC, Inc.*, 11 AD3d 509, 510 [2004]). "Residence means living in a particular place; domicile means 'living in that locality with intent to make it a fixed and permanent home' " (*King v Car Rentals, Inc.*, 29 AD3d 205, 210 [2006], quoting *Matter of Newcomb*, 192 NY 238, 250 [1908]). In the context of determining the proper venue of an action, a party can have more than one residence (*see King v Car Rentals, Inc.*, 29 AD3d at 210; *see also* CPLR 503 [a]).

"To effect a change of venue pursuant to CPLR 510 (1), a defendant must show that the plaintiff's choice of venue is improper and that [his or her] choice of venue is proper" (*Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526, 526 [2008]; *see* CPLR 511 [b]; *see also Lopez v K Angle K, Inc.*, 24 AD3d 422, 423 [2005]). To succeed on his motion here, the defendant was obligated to demonstrate that, on the date that this action was commenced, neither of the parties resided in the county that was designated by the plaintiff (*see Ramos v Cooper Tire & Rubber Co.*, 62 AD3d 773 [2009]; *Baez v Marcus*, 58 AD3d 585, 586 [2009]; *Corea v Browne*, 45 AD3d 623, 624 [2007]; *see also Fiallos v New York Univ. Hosp.*, 85 AD3d 678, 678 [2011]; *Clarke v Ahern Prod. Servs.*, 181 AD2d 514, 515 [1992]; *Bradley v Plaisted*, 277 App Div 620, 621 [1951]). Only if the defendant made such a showing was the plaintiff required to establish, in opposition, via documentary evidence, that the venue he selected was proper (*see Buziashvili v Ryan*, 264 AD2d 797 [1999]).

Here, the sole piece of evidence that the defendant submitted with respect to the issue of the plaintiff's residence was the police accident report referable to the subject accident. This evidence merely showed that, at the time the accident occurred, the plaintiff had a residence in Texas. This evidence did not demonstrate that the plaintiff did not maintain a residence in Kings County at the time when the action was commenced, two months after the accident (*see Ramos v Cooper Tire & Rubber Co.*, 62 AD3d at 773; *Baez v Marcus*, 58 AD3d at 586; *Corea v Browne*, 45 AD3d at 624; *see also Fiallos v New York Univ.*

*Hosp.*, 85 AD3d at 678; *Clarke v Ahern Prod. Servs.*, 181 AD2d at 515; *Bradley v Plaisted*, 277 App Div at 621). Consequently, the defendant failed to meet his initial burden.

Although a plaintiff may choose venue based solely on a defendant's address, as set forth in a police accident report (*see Gonzalez v Weiss*, 38 AD3d 492, 493 [2007]; *Furth v ELRAC, Inc.*, 11 AD3d at 510), a police accident report, standing alone, is not sufficient evidence to demonstrate that, on the date that an action is commenced, a plaintiff does not reside in the county where he or she elects to place the venue of trial. To the extent that this Court's decisions in *Samuel v Green* (276 AD2d 687 [2000]) and *Senzon v Uveges* (265 AD2d 476 [1999]) may be read to indicate to the contrary, they should not be followed.

Accordingly, the Supreme Court properly denied the defendant's motion to change the venue of the action from Kings County to Queens County. Balkin, J.P., Chambers, Austin and Roman, JJ., concur.