■ DANIEL PATTON et al., Appellants, v IVAN MALYCHEV, Respondent. [18 NYS3d 674]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated September 3, 2014, as granted the defendant's motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Rockland County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter, a new determination of the defendant's motion.

On November 15, 2013, the plaintiff Daniel Patton allegedly was injured when the vehicle he was operating collided with a tractor-trailer operated by the defendant at an intersection in Queens County. The plaintiffs commenced this action against the defendant, placing venue in Kings County based upon the defendant's purported residence in that county as stated in the police accident report (*see* CPLR 503 [a]). Thereafter, the defendant served a timely demand for a change of venue, and subsequently timely moved to change the venue of the action

from Kings County to Rockland County, alleging that neither he nor the plaintiffs resided in Kings County at the time of the commencement of this action, and that he resided in Rockland County. In support of his motion, the defendant submitted a copy of his driver license, which listed a Rockland County address, copies of his federal individual income tax returns for the years 2009 through 2011, a bank statement predating the commencement of this action identifying his address in Rockland County, and a certificate of proof that he served as a juror in Rockland County in 2008. In opposition, the plaintiffs submitted a copy of the police accident report and other documents showing, inter alia, that the defendant had registered the subject tractor-trailer and another vehicle at the same Brooklyn address. The Supreme Court granted the defendant's motion.

CPLR 503 (a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Ellis v Wirshba*, 18 AD3d 805, 805 [2005]; *see Forbes v Rubinovich*, 94 AD3d 809, 810 [2012]; *Furth v ELRAC, Inc.*, 11 AD3d 509, 510 [2004]). Residence means living in a particular place, while domicile means "living in that locality with intent to make it a fixed and permanent home" (*Matter of Newcomb*, 192 NY 238, 250 [1908]; *see King v Car Rentals, Inc.*, 29 AD3d 205, 210 [2006]; *cf. Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d 20, 29-30 [1984]). In the context of determining the proper venue of an action, a party may have more than one residence (*see* CPLR 503 [a]; *Deas v Ahmed*, 120 AD3d 750 [2014]; *Chehab v Roitman*, 120 AD3d 736, 737 [2014]; *King v Car Rentals, Inc.*, 29 AD3d at 210).

The defendant's submissions failed to conclusively establish that his residence was in Rockland County and that he did not have a residence in Kings County when the action was commenced (*see Feather v Goglia*, 65 AD3d 1186, 1187 [2009]). Furthermore, in opposition, the plaintiffs submitted evidence showing that the defendant's tractor-trailer was registered at an address in Kings County, which additionally raised issues of fact regarding the location of the defendant's residence at the time of the commencement of the action (*see Tiangco v Andrickson*, 116 AD3d 763, 764 [2014]; *Feather v Goglia*, 65 AD3d at 1187; *Johnson v Gioia*, 38 AD3d 845 [2007]). Since this issue of fact could not have been properly resolved on the papers alone,

the Supreme Court should have held a hearing on the issue of the defendant's residence prior to determination of the motion. Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the issue of the defendant's residency, and thereafter, a new determination of the defendant's motion. Eng, P.J., Chambers, Roman and Barros, JJ., concur.