■ MANUEL MEJIA, Appellant, v J. CREW OPERATING CORP. et al., Respondents, et al., Defendants. [32 NYS3d 491]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 8, 2015, which granted the motion of defendants J. Crew Operating Corp. and Global Facility Management & Construction to change venue from Bronx County to Richmond County, unanimously reversed, on the law and the facts, without costs, and the motion denied.

As an initial matter, Supreme Court erred by treating defendants' motion to change venue as of right under CPLR 510 (1) as having been made under CPLR 510 (3).

Unless otherwise prescribed, venue is properly laid in the county where one of the parties resides when the action is commenced (CPLR 503 [a]). In making the motion under CPLR 510 (1), defendants, as movants, assumed the burden to establish that plaintiff improperly designated Bronx County as the venue (*see Fiallos v New York Univ. Hosp.*, 85 AD3d 678 [1st Dept 2011]). Defendants' proof indicates that when seeking treatment at Lincoln Hospital on April 10, 2014, plaintiff gave a Richmond County address. However, that evidence does not demonstrate where plaintiff resided when this action was commenced five months later, in September 2014 (*see id.*; *Corea v Browne*, 45 AD3d 623 [2d Dept 2007]).

In view of defendants' failure to meet their initial burden, it is unnecessary to consider the sufficiency of plaintiff's opposition to the motion (*see e.g. Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.