■ GALE JOHNSON, Respondent, v SETH FINKELSTEIN et al., Appellants. [43 NYS3d 479]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated November 21, 2014, as denied their motion to change venue of the action from Kings County to New York County.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action in Kings County seeking to recover damages for medical malpractice allegedly committed in New York County. She claimed venue in Kings County on the basis of her residence there. The defendants moved for a change of venue to New York County on the ground that the plaintiff was not a resident of Kings County on the date she commenced the action. The Supreme Court, inter alia, denied the defendants' motion, and the defendants appeal.

CPLR 503 (a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Ellis v Wirshba,* 18 AD3d 805, 805 [2005]; *see Patton v Malychev,* 132 AD3d 829, 830 [2015]; *Forbes v Rubinovich,* 94 AD3d 809, 810 [2012]). In the context of venue, a party may have more than one residence (*see* CPLR 503 [a]; *Patton v Malychev,* 132 AD3d at 830).

Here, in seeking to prove that the plaintiff was not a resident of Kings County when she commenced the action, the defendants submitted, among other things, her deposition testimony,

which, they asserted, demonstrated a lack of a fixed address in Kings County in the period of time leading up to the commencement of the action, as well as her relocation to Florida the week before commencement. However, taken as a whole and in context, the defendants' evidence failed to demonstrate prima facie that the plaintiff was not a resident of Kings County when she commenced this action (*see Farrington v Fordham Assoc., LLC*, 129 AD3d 591, 592 [2015]; *Chehab v Roitman*, 120 AD3d 736, 737-738 [2014]). Consequently, the burden never shifted to the plaintiff to demonstrate that she was, in fact, a resident of Kings County at the time of commencement (*see Deas v Ahmed*, 120 AD3d 750, 751 [2014]; *cf. Forbes v Rubinovich*, 94 AD3d at 810). Accordingly, the Supreme Court properly denied the defendants' motion to change venue (*see Farrington v Fordham Assoc., LLC*, 129 AD3d at 592). Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.