■ PAULINE MOODIE, Appellant, v MAUREEN KEHOE, Respondent. [63 NYS3d 672]—

Order, Supreme Court, Supreme Court, Bronx County (Fernando Tapia, J.), entered January 12, 2017, which granted defendant's motion to change venue, unanimously reversed, on the law, without costs, and the motion denied.

The motion for a change of venue should have been denied because defendant did not meet her initial burden "of disproving plaintiff's Bronx County residence" (*Fiallos v New York Univ. Hosp.*, 85 AD3d 678, 678 [1st Dept 2011]). In her personally verified complaint, plaintiff alleges that she is a resident of Bronx County, and the summons specifies her address on Baychester Avenue in Bronx County. In support of her motion to change venue, defendant submitted only a copy of the Police Accident Report, which contained no information inconsistent with plaintiff's allegation that she resides in Bronx County. Because defendant did not meet her initial burden of coming forward with evidence that plaintiff resided outside of Bronx County, the burden never shifted to plaintiff to produce evidence demonstrating her residence in that jurisdiction. In view of defendant's failure to meet her initial burden, it is unnecessary to consider the sufficiency of plaintiff's opposition to the motion (*see Mejia v J. Crew Operating Corp.*, 140 AD3d 505 [1st Dept 2016]). Concur—Friedman, J.P., Kapnick, Webber, Gesmer and Oing, JJ.