■ JOSEPH POMERANTSEV, Appellant, v VLADIMIR KODINSKY, Respondent, et al., Defendant. [64 NYS3d 571]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated July 28, 2016, which granted the motion of the defendant Vladimir Kodinsky pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Richmond County.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Vladimir Kodinsky pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Richmond County is denied, and the Clerk of the Supreme Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

CPLR 503 (a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (Ellis v Wirshba, 18 AD3d 805, 805 [2005]; see Johnson v Finkelstein, 145 AD3d 863, 863 [2016]; Patton v Malychev, 132 AD3d 829, 830 [2015]; Forbes v Rubinovich, 94 AD3d 809, 810 [2012]). In the context of venue, a party may have more than one residence (see CPLR 503 [a]; Patton v Malychev, 132 AD3d at 830).

"In order to prevail on a motion pursuant to CPLR 510 (1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Deas v Ahmed, 120 AD3d 750, 750 [2014]; see CPLR 511 [b]; Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489 [2016]; Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526 [2008]). Here, in support of his motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Richmond County, the defendant Vladimir Kodinsky failed to demonstrate that the plaintiff did not reside in Kings County at the time of commencement of the action (see Deas v Ahmed, 120 AD3d at 751; Chehab v Roitman, 120 AD3d 736, 737-738 [2014]). Hence, Kodinsky failed to meet his initial burden, and the Supreme Court should have denied his motion to change the venue of the action. Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.