Bikel v Bakertown Realty Group, Inc. (2018 NY Slip Op 00540)





Bikel v Bakertown Realty Group, Inc.


2018 NY Slip Op 00540


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-01227
 (Index No. 14692/14)

[*1]David Bikel, appellant, 
v
Bakertown Realty Group, Inc., respondent.


Subin Associates, LLP, New York, NY (Robert J. Eisen, Gregory T. Cerchione, and Michael H. Zhu of counsel), for appellant.
Baxter Smith & Shapiro, P.C., White Plains, NY (Sim R. Shapiro of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated September 30, 2015, which granted the defendant's motion pursuant to CPLR 510 to change the venue of the action from Kings County to Orange County.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter, a new determination of the defendant's motion.
On June 1, 2014, the plaintiff allegedly was injured when he fell off a ladder on the defendant's property in Monroe, Orange County. On October 15, 2014, he commenced this action in the Supreme Court, Kings County, to recover damages for personal injuries, stating, as to venue, that he was a resident of Kings County. In conjunction with its answer to the complaint, the defendant served a demand to change venue to Orange County. Thereafter, the defendant timely moved pursuant to CPLR 510(1) and (3) to change venue to Orange County, arguing that the plaintiff did not reside in Kings County, and that the convenience of material witnesses warranted the change of venue. In the order appealed from, the Supreme Court granted the defendant's motion, finding that pursuant to CPLR 510(3), the convenience of material witnesses warranted a change of venue to Orange County.
CPLR 510(3) provides that, upon motion, the court may change the venue of an action where "the convenience of material witnesses and the ends of justice will be promoted by the change." A party moving to change venue pursuant to CPLR 510(3) must provide information about the prospective witnesses, including, but not limited to, their names and addresses, disclose the facts about which the proposed witnesses will testify at the trial, represent that the prospective witnesses are willing to testify, and state that the witnesses would be inconvenienced if the venue is not changed (see Lapidus v 1050 Tenants Corp., 94 AD3d 950, 950; O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173; see also Marin v Levin Props., 306 AD2d 256; McGarry v Columbia Greene Med. Ctr., 260 AD2d 451). The defendant's submissions satisfied none of these criteria, and accordingly, the Supreme Court should not have granted the defendant's motion for a change of venue pursuant to CPLR 510(3).
CPLR 503(a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (Ellis v Wirshba, 18 AD3d 805, 805; see Deas v Ahmed, 120 AD3d 750; Chehab v Roitman, 120 AD3d 736, 737; Forbes v Rubinovich, 94 AD3d 809, 810; Furth v ELRAC, Inc., 11 AD3d 509, 510). Residence means living in a particular place, while domicile means "living in that locality with intent to make it a fixed and permanent home" (Matter of Newcomb, 192 NY 238, 250; see Patton v Malychev, 132 AD3d 829, 830; King v Car Rentals, Inc., 29 AD3d 205, 210; cf. Antone v General Motors Corp., Buick Motor Div., 64 NY2d 20, 29-30). In the context of determining the proper venue of an action, a party may have more than one residence (see CPLR 503[a]; King v Car Rentals, Inc., 29 AD3d at 210).
To prevail on a motion pursuant to CPLR 510(1) to change venue, the defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper (see CPLR 511[b]; Deas v Ahmed, 120 AD3d at 750; Chehab v Roitman, 120 AD3d at 737; Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526, 526).
The parties' submissions presented issues of fact regarding the location of the plaintiff's residence at the time of the commencement of the action, and regarding whether he was a resident of Kings County "with some degree of permanency" at the time he commenced the action (Furth v ELRAC, Inc., 11 AD3d at 510 [internal quotation marks omitted]; see Deas v Ahmed, 120 AD3d at 750). Since the factual questions could not have been properly resolved on the papers alone, the Supreme Court should have held a hearing on the issue of the plaintiff's residency prior to its determination of the motion (see Patton v Malychev, 132 AD3d at 830-831; Tiangco v Andrickson, 116 AD3d 763, 764; Feather v Goglia, 65 AD3d 1186, 1187).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court