Demirovic v Performance Food Group, Inc. (2019 NY Slip Op 01560)





Demirovic v Performance Food Group, Inc.


2019 NY Slip Op 01560


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-10052
 (Index No. 511926/16)

[*1]Hadzira Demirovic, appellant, 
v
Performance Food Group, Inc., et al., respondents.


Hecht, Kleeger & Damashek, P.C. (Ephrem J. Wertenteil, New York, NY, of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr and C. Briggs Johnson of counsel), for respondents Performance Food Group, Inc., Performance Transportation, LLC, and Dimas Cruz.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated August 16, 2017. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated April 5, 2017, granting the separate motions of the defendants Performance Food Group, Inc., Performance Transportation, LLC, and Dimas Cruz, and the defendant Jack Locicero, to change venue of the action from Kings County to Richmond County, and denying the plaintiff's cross motion to change venue of the action from Kings County to New York County.
ORDERED that the order dated August 16, 2017, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated April 5, 2017, granting the separate motions of the defendants Performance Food Group, Inc., Performance Transportation, LLC, and Dimas Cruz, and the defendant Jack Locicero, to change venue of the action from Kings County to Richmond County, and substituting therefor a provision, upon reargument, vacating that determination in the order dated April 5, 2017; as so modified, the order dated August 16, 2017, is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter, a new determination of the defendants' motions.
On June 18, 2015, the plaintiff allegedly was injured in a three-vehicle accident that occurred at an intersection in Richmond County. The plaintiff was stopped in her vehicle at a red light when it was struck in the rear by a vehicle owned and operated by the defendant Jack Locicero. Prior to striking the plaintiff's vehicle, Locicero's vehicle was struck by a tractor trailer operated by the defendant Dimas Cruz and owned by the defendants Performance Food Group, Inc., and Performance Transportation, LLC.
The plaintiff commenced this action in the Supreme Court, Kings County, to recover damages for personal injuries, stating, as to venue, that Locicero was a resident of Kings County. Performance Food Group, Inc., Performance Transportation, LLC, and Cruz (hereinafter collectively the Performance defendants) answered the amended complaint and then moved pursuant to CPLR [*2]510(1) and 511 to change venue to Richmond County, arguing that Locicero and the plaintiff resided in Richmond County. Locicero separately moved pursuant to CPLR 511 to change venue to Richmond County, asserting that both he and the plaintiff were residents of Richmond County. The plaintiff opposed the motions, arguing that venue in Kings County was proper, as the evidence submitted by the defendants on their motions established that Locicero was a resident of Kings County at the relevant time. The plaintiff also cross-moved pursuant to CPLR 511 to change venue to New York County if Kings County was found to be an improper venue. In an order dated April 5, 2017, the court, inter alia, granted the defendants' separate motions to change venue to Richmond County and denied the plaintiff's cross motion to change venue to New York County. The plaintiff moved, inter alia, for leave to reargue her opposition to the defendants' motions and her cross motion. In an order dated August 16, 2017, the court, among other things, granted reargument and, upon reargument, adhered to its original determination granting the defendants' motions and denying the plaintiff's cross motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court was not precluded from considering the Performance defendants' motion to change venue on the ground that the motion was untimely made. Although the Performance defendants failed to establish their entitlement to seek a change of venue as a matter of right (cf. CPLR 511[a]; Corea v Browne, 45 AD3d 623, 624), the court nonetheless was empowered to consider the motion in the exercise of its discretion (see Nunez v Yonkers Racing Corp., 153 AD3d 1355; Carobert v Baldor Elec. Co., 102 AD3d 905, 906; Forbes v Rubinovich, 94 AD3d 809; Horowicz v RSD Transp., 249 AD2d 511).
However, we agree with the plaintiff that the defendants failed to establish that Kings County was an improper venue, and therefore, the Supreme Court, upon reargument, should not have adhered to its original determination granting the defendants' separate motions. CPLR 503(a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." In the context of determining the proper venue of an action, a party may have more than one residence (see CPLR 503[a]; Deas v Ahmed, 120 AD3d 750, 751; Chehab v Roitman, 120 AD3d 736, 737; King v Car Rentals, Inc., 29 AD3d 205, 210). The Performance defendants' submissions, which showed that Locicero's driver license listed a Kings County address and his vehicle's registration listed a Richmond County address, failed to conclusively establish that Locicero's sole residence was in Richmond County and that he did not have a residence in Kings County when the action was commenced (see Patton v Malychev, 132 AD3d 829, 830; Feather v Goglia, 65 AD3d 1186, 1187). Furthermore, in opposition, the plaintiff submitted evidence that additionally raised issues of fact regarding Locicero's residence at the time of commencement of the action (see Patton v Malychev, 132 AD3d at 830; Tiangco v Andrickson, 116 AD3d 763, 764; Feather v Goglia, 65 AD3d at 1187). Since the factual questions could not have been properly resolved on the papers alone, the court, upon reargument, should have vacated its original determination granting the defendants' motions, held a hearing on the issue of Locicero's residency, and thereafter, made a new determination of the defendants' motions (see Bikel v Bakertown Realty Group, Inc., 157 AD3d 924, 926; Patton v Malychev, 132 AD3d at 830-831; Tiangco v Andrickson, 116 AD3d at 764).
We reject the plaintiff's contention that even if Kings County is not a proper venue, she did not forfeit her right to select another venue (cf. Nixon v Federated Dept. Stores, 170 AD2d 659). Accordingly, we agree with the Supreme Court's determination, upon reargument, to adhere to its original determination denying the plaintiff's cross motion to change venue to New York County.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court