Vereen v Flood (2020 NY Slip Op 03411)





Vereen v Flood


2020 NY Slip Op 03411


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-00278
 (Index No. 8999/18)

[*1]Archie Vereen, etc., et al., respondents,
v
Fatima Flood, etc., et al., appellants, et al., defendants.


Feldman, Kleidman, Coffey & Sappe, LLP, Fishkill, NY (Wayne M. Rubin of counsel), for appellants.
Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Fatima Flood, Crystal Run Healthcare, LLP, Crystal Run Healthcare Physicians, LLP, Crystal Run Healthcare ACO, LLC, and Crystal Run Healthcare IPA, LLC, appeal from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated November 29, 2018. The order denied their motion to change venue of the action from Bronx County to Orange County.
ORDERED that the order is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Orange County, for a new determination of the appellants' motion to change venue following additional submissions by the parties.
On or about December 1, 2017, the plaintiff's decedent was admitted to St. Luke's Cornwall Hospital in Newburgh and was transferred on December 4, 2017, to Montefiore Medical Center in the Bronx, where she died on December 10, 2017. On May 31, 2018, the plaintiffs commenced this action against the defendants Fatima Flood and Crystal Run Healthcare, LLP, among others, in the Supreme Court, Bronx County. A supplemental summons filed on July 12, 2018, also named the defendants Crystal Run Healthcare Physicians, LLP, Crystal Run Healthcare ACO, LLC, and Crystal Run Healthcare IPA, LLC, as defendants (hereinafter collectively with Flood and Crystal Run Healthcare, LLP, the appellants). The face of the summons and supplemental summons recited that "[t]he basis of venue is the [d]efendant's business address." The amended complaint alleged, inter alia, that the defendant Montefiore Health System (hereinafter MHS) owned and operated a healthcare facility doing business as Montefiore Medical Center providing healthcare to the community in the Bronx, and that MHS failed to properly treat the decedent. The appellants moved in the Supreme Court, Orange County, pursuant to CPLR 503(a), 510(1), and 511 to change the venue of the action from Bronx County to Orange County, claiming that none of the parties resided in Bronx County, and that venue should be placed in Orange County where several of the defendants resided. In opposition, the plaintiffs asserted, inter alia, that venue was properly placed in Bronx County because a substantial part of the events or omissions giving rise to the claims occurred there. The Supreme Court denied the appellants' motion.
"In order to prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Deas v Ahmed, 120 AD3d 750, 750; see CPLR 511[b]; Pomerantsev v Kodinsky, 156 AD3d 655, 656). "Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper" (Young Sun Chung v Kwah, 122 AD3d 729, 730).
As amended in 2017, CPLR 503 provides, in pertinent part, that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; [or] the county in which a substantial part of the events or omissions giving rise to the claim occurred" (CPLR 503[a], as amended by L 2017, ch 366).
The appellants met their initial burden of demonstrating that the plaintiffs' choice of venue was improper, as they established that, despite the assertion on the face of the summons, none of the parties were residents of Bronx County for the purposes of fixing venue at the time the action was commenced. While the plaintiffs contended, for the first time in opposition to the motion, that venue in Bronx County was proper on the alternative basis that a substantial part of the events or omissions giving rise to the claims allegedly occurred there (see generally Marrero v Mamkin, 170 AD3d 1159, 1160), the record before us does not contain sufficient evidence upon which to resolve that issue. Accordingly, we reverse the order appealed from and remit the matter to the Supreme Court, Orange County, for additional submissions on that issue by the parties, and for a new determination of the appellants' motion to change venue thereafter.
SCHEINKMAN, P.J., MASTRO, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court