Aguilar v Reback (2024 NY Slip Op 04444)

Aguilar v Reback

2024 NY Slip Op 04444

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-06098
 (Index No. 522131/19)

[*1]Paul Aguilar, appellant, 
v
Scott Reback, et al., respondents.

Rasco Klock Perez & Nieto, LLC, New York, NY (James Halter of counsel), for appellant.
Anna M. Andron, LLC (Rachel Schulman, Esq. PLLC, Great Neck, NY, of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with business relations, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 15, 2023. The order, after a hearing, granted that branch of the defendants' motion which was pursuant to CPLR 510 to change the venue of the action from Kings County to Richmond County.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the defendants' motion which was pursuant to CPLR 510 to change the venue of the action from Kings County to Richmond County is denied, and the Clerk of the Supreme Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
In October 2019, the plaintiff commenced this action in the Supreme Court, Kings County, alleging, inter alia, that the defendants tortiously interfered with business relations. The summons indicated that the plaintiff's residence was the basis for placing venue in Kings County. Thereafter, the defendants moved, among other things, pursuant to CPLR 510 to change the venue of this action from Kings County to Richmond County. In support of the motion, the defendants relied upon, inter alia, the plaintiff's deposition testimony that he lived at an address in Richmond County. In an order dated May 15, 2023, made after a hearing, the court granted that branch of the defendants' motion which was to change the venue of this action from Kings County to Richmond County. The plaintiff appeals.
A demand to change venue based upon the designation of an improper county must be "served with the answer or before the answer is served" (CPLR 511[a]). Here, since no demand to change venue was served with the answer or before the answer had been served, that branch of the defendants' motion which was to change venue on the ground that the county designated was improper (see CPLR 510[1]) was untimely (see CPLR 511[a]; Coluck Inc. v SEM Sec. Sys., Inc., 175 AD3d 593, 594). Thus, the defendants were not entitled to change venue as of right, and their motion became one addressed to the Supreme Court's discretion (see Saint-Louis v Esposito, 171 AD3d 824, 825; Baez v Marcus, 58 AD3d 585, 586).
Contrary to the defendants' contention, the Supreme Court improvidently exercised its discretion in granting that branch of their motion which was to change venue, since the defendants failed to demonstrate that they moved promptly for a change of venue after the plaintiff testified at his deposition that he lived at an address in Richmond County (see Sanchez v 1 Burgess Rd., LLC, 169 AD3d 605, 605; Farrington v Fordham Assoc., LLC, 129 AD3d 591, 592; Baez v Marcus, 58 AD3d at 586; Acosta v Hadjigavriel, 6 AD3d 636, 637).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court