■ CYNTHIA FREES, Appellant, v FRANK & WALTER EBERHART L.P. No. 1 et al., Respondents. [896 NYS2d 71]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered February 4, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Defendants failed to establish their prima facie entitlement to judgment as a matter of law in this action for personal injuries sustained when cabinets in plaintiff's kitchen fell from the wall and struck plaintiff. Although the deposition testimony offered on the motion demonstrated that defendants had no notice of the alleged dangerous condition, defendants' witness had no

personal knowledge of how the subject cabinets were actually installed. Thus, since defendants' "witness was unaware of whether the installation . . . was satisfactory, and [defendants] failed to produce a witness who would have had direct knowledge of such facts, [defendants] failed to establish a prima facie case that [they] did not create the defective condition" (*Cuevas v City of New York*, 32 AD3d 372, 373 [2006]). Furthermore, to the extent that the motion court may have considered the report from defendants' expert in deciding the motion, this was error. Indeed, the report was unsworn, was not made in the regular course of business, and thus was inadmissible and could not be considered in support of the motion (*see Bendik v Dybowski*, 227 AD2d 228, 229 [1996]).

Defendants' failure to meet their initial burden of establishing a prima facie case renders it unnecessary to consider plaintiff's opposition to the motion (*see e.g. Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Acosta and Renwick, JJ. **[Prior Case History: 2009 NY Slip Op 30234(U).]**