■ DENNYS HIRALDO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [909 NYS2d 426]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about September 24, 2008, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant failed to establish its prima facie entitlement to judgment as a matter of law in this action where plaintiff sustained injuries when she fell while descending the external steps of defendant's premises in the dark. According to plaintiff, the external lights in the area were not illuminated because the light timers were improperly adjusted at the time of her fall.

Defendant's testimony that there were no notations in its logbook to indicate that there was either a lighting problem or a complaint about the subject lighting prior to the accident merely demonstrated that the lights worked when turned on. However, defendant failed to submit evidence that the light timers were properly adjusted so as to turn on before dark. Indeed, the witnesses produced for deposition by defendant New York City Housing Authority had no personal knowledge of whether the light timers were actually adjusted. In light of defendant's failure to meet its prima facie burden, it is unnecessary to consider plaintiff's opposition to the motion (*see e.g. Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Frees v Frank & Walter Eberhart L.P. No.1*, 71 AD3d 491 [2010]). Concur—Gonzalez, P.J., Tom, Catterson, Moskowitz and Richter, JJ.