Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 21, 2017, which, inter alia, denied plaintiff’s motion for summary judgment on liability and granted defendant Kemper System America, Inc.’s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
 

 The motion court correctly rejected plaintiff’s argument that defendants Castle Restoration & Construction, Inc., and Kemper System America, Inc. are liable for breach of contract and breach of warranty, respectively, on a theory of res ipsa loquitur. Res ipsa loquitur “permits the inference of negligence to be drawn from the circumstance of the occurrence” (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986]). “[Wjithout a cause of action for negligence there is no viable cause of action to which to apply the doctrine” (Ianotta v Tishman Speyer Props., Inc., 46 AD3d 297, 299 [1st Dept 2007]).
 

 Even if the doctrine of res ipsa loquitur could be applied to a breach of contract or breach of warranty case, plaintiff failed to present evidence establishing the elements of the doctrine in this case (see Dermatossian, 67 NY2d at 226). Plaintiff contends that there is no reasonable explanation for water to leak from the concrete plaza deck into the underground garage below it other than Castle’s poor workmanship in installing the waterproofing system, which was manufactured by Kemper, or defects in the waterproofing system. However, it submitted no evidence that the waterproofing system or the installation of the system was the instrumentality that caused the leaks or that subsequent work on steps leading from the plaza deck did not affect the plaza deck or any space above the garage (see id.).
 

 Kemper established that it did not breach its warranty. The warranty covers the waterproofing system against leaks and seepage found by Kemper to have been caused by defects in the products it supplied or improper installation. It requires plaintiff to grant Kemper access to the system for inspection and testing, including, as plaintiff acknowledges, bearing the cost of removing the plaza deck (the overburden). Because plaintiff has not had the overburden removed, Kemper has no access to the waterproofing system and cannot make a determination whether the leaking was caused by a covered defect. Plaintiff contends that this does not relieve Kemper of its obligations under the warranty, because Kemper could have the overburden removed and then seek reimbursement. However, nothing in the warranty obligates Kemper to incur any expense in connection with the removal of the overburden.
 

 Concur — Tom, J.P., Mazzarelli, Andrias, Oing and Singh, JJ.