Santana v Kardash Reality Corp. (2018 NY Slip Op 01295)





Santana v Kardash Reality Corp.


2018 NY Slip Op 01295


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

5838 20894/14E

[*1]Ines Santana, Plaintiff-Respondent,
v
Kardash Reality Corp., Defendant-Appellant, Crowe Paradis Services Corporation, Defendant.


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellant.
Law Office of Ryan S. Goldstein, PLLC, Bronx (Ryan S. Goldstein of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered March 21, 2017, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
" [A] landlord may be held liable for injury caused by a defective . . . condition upon the leased premises if the landlord is under a statutory or contractual duty to maintain the premises in repair and reserves the right to enter for inspection and repair" (Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 642 [1996]). Here, the lease required defendant to make repairs to defects of which it was informed by plaintiff. While plaintiff did not provide written notice of her defective cabinet, as provided for in the lease, she testified that she personally informed the superintendent three months before the cabinet fell from the wall injuring her, and he attempted to fix it. This supports a conclusion that defendant received actual notice of the defective condition. While her testimony is unclear as to whether her complaint was about the cabinet coming away from the wall, or merely about the door, its frame, and/or its hinge, and it is also unclear whether the entire cabinet fell off the wall, or just the door and its frame, defendant has failed to make a prima facie showing that its superintendent neither negligently repaired the defect nor caused the defect that led to the cabinet falling. Defendant offers no evidence as to what caused the cabinet to fall. While the superintendent denies ever repairing or attempting to repair plaintiff's cabinet, or receiving a complaint about the cabinet from plaintiff, this discrepancy simply raises an issue of fact. The superintendent's assertion that the cabinet fell due to the excessive weight of the contents placed inside of it by plaintiff, is unsupported by any evidence and is, as such, mere speculation. Moreover, defendant failed to make a prima facie showing that it did not improperly install the
cabinets, thereby creating the defect (see Frees v Frank & Walter Eberhart L.P. No.1, 71 AD3d 491 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK