Safe Haven Props. LLC v Madison Green Condominium (2020 NY Slip Op 02879)





Safe Haven Props. LLC v Madison Green Condominium


2020 NY Slip Op 02879


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


150242/17 11516 11515

[*1] Safe Haven Properties LLC, formerly known as Safe Haven Properties Ltd., et al., Plaintiffs-Appellants,
v
Madison Green Condominium, et al., Defendants-Respondents. 
[And a Third Party Action]


Cyruli Shanks Hart & Zizmor LLP, New York (James E. Schwartz of counsel), for appellants.
Gartner + Bloom, P.C., New York (Arthur P. Xanthos of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 11, 2019, which granted defendants Madison Green Condominium, Julieta V. Lozano, President, and Board of Managers of the Madison Green Condominium's motion for summary judgment dismissing the complaint against Lozano, unanimously reversed, on the law, without costs, and the motion denied. Order, Supreme Court, New York County (Robert R. Reed, J.), entered October 23, 2019, which denied plaintiffs' motion for summary judgment on liability, unanimously affirmed, without costs.
Plaintiffs properly named Lozano as a party to this action in her capacity as representative of Madison Green Condominium (Condo), an unincorporated association (see CPLR 1025; General Associations Law § 13; Martin v Curran, 303 NY 276, 280-281 [1951]).
Defendants argue that Lozano was not a necessary party because they have not challenged the court's jurisdiction. However, whether or not defendants would have elected to contest jurisdiction if Lozano had not been named is speculative, and plaintiffs' decision to make her a defendant in a representative capacity was proper.
Defendants contend that the business judgment rule protects Lozano from liability. However, the business judgment rule is inapplicable to Lozano in this context because she was named only in a representative capacity and her personal assets are not subject to a judgment rendered against Condo (General Associations Law § 13).
The court correctly determined that plaintiffs failed to establish prima facie that the damage to their condominium unit was the natural and proximate result of defendants Madison Green Condominium and Board of Managers of the Madison Green Condominium's failure to fulfill their contractual obligations. Pursuant to the condominium bylaws, plaintiffs were responsible for repairs to the interior of their unit, and the Board of Managers had the power to make all decisions concerning maintenance and repairs to the common elements. Plaintiffs did not show that the contractual provisions limiting the Board's responsibility for damage to the interior of their unit were inapplicable as a defense as a matter of law, and they did not show that the water damage was caused by the Board's failure to make necessary repairs or resulted from improper repairs to the common elements. Plaintiffs submitted no expert opinion as to the ultimate source of the water infiltration, the determination of which requires professional expertise (see Ali v Effron, 106 AD3d 560 [1st Dept 2013]).
The court providently exercised its discretion in declining to consider the unauthenticated hearsay reports submitted by plaintiffs (see Frees v Frank & Walter Eberhart L.P. No. 1, 71 AD3d 491, 492 [1st Dept 2010]). Although plaintiffs' reply papers provide the necessary [*2]foundation for those documents, the court providently exercised its discretion in declining to consider the reply papers because plaintiffs had not met their initial burden.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK