GFE Jerome Ave. LLC v Steph-Leigh Assoc., LLC (2021 NY Slip Op 06919)





GFE Jerome Ave. LLC v Steph-Leigh Assoc., LLC


2021 NY Slip Op 06919


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 33597/18E Appeal No. 14807 Case No. 2021-02407 

[*1]GFE Jerome Avenue LLC, Plaintiff-Appellant-Respondent,
v
Steph-Leigh Associates, LLC, Defendant-Respondent-Appellant.


Meister Seelig & Fein LLP, New York (Eugene Meyers of counsel), for appellant-respondent.
Kenneth C. Henry, Jr., PC, Westbury (Kenneth C. Henry, Jr. of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Edgar G. Walker, J.) entered on or about July 1, 2021, which denied defendant's motion for summary judgment and plaintiff's cross motion for summary judgment on liability, unanimously affirmed, without costs.
Neither party established its entitlement to summary judgment on the cause of action for breach of the lease. The requirement in article 44 of the parties' lease that defendant landlord provide plaintiff tenant with a gas line implicitly obligated defendant to provide a functional gas line for the operation of plaintiff's restaurant (see Second on Second Cafe, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 256 [1st Dept 2009]; see also Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 140 [1st Dept 2008]). Although plaintiff maintains that defendant knew it intended to connect to the existing gas meter, defendant maintains that plaintiff's connection to the existing line was an attempt to steal gas from another tenant and that Con Ed properly installed a locking device on the existing meter to prevent that from happening. Defendant asserts that Con Ed, not defendant itself, installed the locking device, but does not expressly deny that Con Ed did so at defendant's behest. Indeed, the invoice from defendant's plumber provides some evidence that defendant did, in fact, direct the work. Given these competing contentions, the question of whether defendant fulfilled its obligation to provide plaintiff with an operational gas line is one for trial.
As to the breach of lease cause of action, article 67(b)(2) of the lease expressly provides that defendant is responsible for structural repairs unless caused by plaintiff. Defendant submitted no expert opinion supporting its contentions that plaintiff caused the defects in the roof, and Supreme Court correctly rejected the bare conclusion that plaintiff was responsible (see Safe Haven Props. LLC v Madison Green Condominium, 183 AD3d 460, 461 [1st Dept 2020]). As for defendant's assertion that res ipsa loquitur applies, that doctrine applies to causes of action for negligence, which are not asserted here (see Chatham Towers, Inc. v Castle Restoration & Const., Inc., 153 AD3d 1201, 1202 [1st Dept 2017]).
Supreme Court also correctly denied both motions for summary judgment on the cause of action for breach of the covenant of quiet enjoyment. Plaintiff established that it was deprived of the beneficial use and enjoyment of the premises because the gas line was necessary for the operation of plaintiff's business, and article 22A of the lease expressly prohibits defendant from engaging in self-help, including shutting off utilities (see Jackson v Westminster House Owners Inc., 24 AD3d 249, 250 [1st Dept 2005], lv denied 7 NY3d 704 [2006]). As already noted, however, the record does not conclusively establish that defendant's conduct directly caused plaintiff to be deprived of its use and enjoyment of the premises. For the same reasons, summary judgment was properly [*2]denied on the cause of action for unlawful eviction arising from the physical lock placed on the gas line (see 487 Elmwood, Inc. v Hassett, 107 AD2d 285, 287 [4th Dept 1985]; cf. Johnson v Cabrera, 246 AD2d 578, 579 [2d Dept 1998]).
With respect to defendant's motion to strike plaintiff's request for attorneys' fees, article 58(a) of the lease expressly provides that the prevailing party will be entitled to its reasonable attorneys' fees in any action to enforce a lease provision. Thus, if plaintiff prevails on its claims arising out of the lease at trial, article 58(a) will govern whether attorneys' fees are awarded.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021