| **Cruz v George Units LLC** |
| 2026 NY Slip Op 30698(U) |
| February 27, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 156771/2020 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO                              PART            65M
                                        *Justice*

-------------------------------------------------------------------X

DEYSI CRUZ,                                          INDEX NO.        156771/2020

                              Plaintiff,             MOTION DATE      06/30/2025

                - v -                                MOTION SEQ. NO.     003

THE GEORGE UNITS LLC,

                              Defendant.
                                                     **DECISION + ORDER ON**
                                                          **MOTION**
-------------------------------------------------------------------X


THE GEORGE UNITS LLC                                       Third-Party
                                                     Index No.  595736/2023
                              Plaintiff,

                -against-

THE PORT AUTHORITY OF NEW YORK AND NEW JERSY,
TRIERA CONTRACTING INC., MEO ELECTRIC CORP.


                              Defendant.
-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 146, 152, 153, 154, 155, 161, 162, 163

were read on this motion for                   SUMMARY JUDGMENT                   .

Upon the foregoing documents, defendant and third-party plaintiff The George LLC Units, LLC ("George") moves pursuant to CPLR § 3212 for summary judgment to dismiss the complaint filed by plaintiff Deysi Cruz ("Plaintiff"). Plaintiff opposes. For the reasons set forth below, the motion is denied with leave to renew upon proper papers within 30 days.

## BACKGROUND

In this personal injury action, plaintiff Deysi Cruz ("Plaintiff") seeks damages for injuries she purportedly incurred on February 19, 2020, when she tripped and fell on the sidewalk abutting 1370 St. Nicholas Avenue, New York, New York ("Premises") (NYSCEF Doc No. 1, complaint ¶ 18).[1] On August 26, 2020, Plaintiff commenced this action by filing a summons and complaint against George, the owner of the Premises (NYSCEF Doc No. 1, summons and complaint). George filed an answer to the complaint on June 25, 2021 (NYSCEF Doc No. 4), and the parties proceeded

---

[1] The Premises address is identified as 1365 Nicholas Ave. in the complaint, but was later determined to be 1370 St. Nicholas Ave.

**156771/2020  CRUZ, DEYSI vs. THE GEORGE UNITS LLC**                    **Page 1 of 5**
**Motion No.  003**

[* 1]

to discovery. On April 21, 2022, Plaintiff filed a motion to amend, which was granted by a decision and order of the court entered on June 24, 2022 (NYSCEF Doc No. 34, decision and order, Hagler, J.; NYSCEF Doc No. 23, amended complaint). George filed an answer to the amended complaint on July 6, 2022 (NYSCEF Doc No. 37).

On August 9, 2023, George commenced a third-party action against third-party defendants the Port Authority, Triera Contracting Inc. ("Triera"), and MEO Electric Corp. ("MEO") (NYSCEF Doc No. 51, third-party complaint). The third-party complaint alleges that the Port Authority owned, operated, or otherwise controlled the sidewalk (*id*. ¶¶ 9-14), Triera performed work on the sidewalk and/or constructed and maintained a sidewalk shed or scaffold on or about the sidewalk (*id*. ¶¶ 18-27), and MEO installed lighting on or about the sidewalk shed (*id*. ¶ 32). The Port Authority filed an answer to the third-party complaint on September 20, 2023 (NYSCEF Doc No. 59, third-party answer). Neither Triera nor MEO have appeared in the action to date.

George now moves for summary judgment to dismiss the complaint (Motion Seq. 003) (NYSCEF Doc No. 118, notice of motion). Plaintiff opposes the motion, but did not file written opposition. George filed its motion for summary judgment on June 30, 2025, with a return date of July 16, 2025 (NYSCEF Doc No. 118, notice of motion). On July 21, 2025, Plaintiff sought an adjournment of the motion return date to August 20, 2025 by submitting a stipulation to the court requesting same (NYSCEF Doc No. 145). The court responded by so-ordering the stipulation, and the return date was adjourned to August 20, 2025 (NYSCEF Doc No. 146, so-ordered stipulation, Hagler, J.). On August 19, 2025, Plaintiff filed a second request to adjourn the motion return date (NYSCEF Doc No. 152). It is unclear whether the court received this request, but the electronic docket reflects that the presiding Justice did not so-order or otherwise respond to the stipulation by NYSCEF filing. As such, the motion was marked submitted without opposition on August 20, 2025. On September 12, 2025 and November 4, 2025, after the motion was submitted, Plaintiff filed follow up letter requests to the electronic docket, but did not file opposition to the motion (NYSCEF Doc Nos. 161, 162). The matter was reassigned to the undersigned on January 20, 2026 and scheduled for oral argument.

At oral argument on January 28, 2026, the court inquired about Plaintiff's failure to file opposition to the motion. Plaintiff's counsel advised, *inter alia*, that the handling attorney believed it necessary to wait for the court's determination regarding the adjournment request before filing opposition to the motion. Plaintiff's counsel also expressed a concern regarding incurring the expense of an expert to oppose the motion while unsure of the court's determination regarding the adjournment. Plaintiff's counsel was permitted to offer oral opposition to the motion at oral argument, but the court reserved decision regarding the adjournment request. The Port Authority takes no position on George's motion, but has separately moved to dismiss the third-party action.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the Court as a matter of law in directing judgment in favor of any party" (CPLR § 3212 [b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39

**156771/2020   CRUZ, DEYSI vs. THE GEORGE UNITS LLC**                                    **Page 2 of 5**
**Motion No.  003**

2 of 5

[* 2]

AD3d 303, 306 [1st Dept 2007]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). Upon a proffer of evidence establishing a *prima facie* case by the movant, the party opposing a motion for summary judgment bears the burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]).

To maintain a cause of action in negligence, a plaintiff must first demonstrate a duty owed by the defendant to the plaintiff predicated upon "occupancy, ownership, control or a special use of such premises" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1st Dept 1988]). "In the absence of a duty, as a matter of law, there can be no liability" (*Pasternack v Lab's Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016]). New York City Administrative Code § 7-210 "generally imposes liability for injuries resulting from negligent sidewalk maintenance on the abutting property owners" (*Storper v Kobe Club*, 76 AD3d 426, [1st Dept 2010]; Administrative Code of City of NY § 7-210 [a]-[b]). It is well established that owners of real property have a duty to maintain their property in a reasonably safe condition (*Mejia v New York City Transit Auth.*, 291 AD2d 225, 225-26 [1st Dept 2002]).

Notwithstanding the duty imposed by Administrative Code § 7-210, the Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) provides that the owners of covers or gratings are responsible for "monitoring the condition of the covers and gratings and the area extending twelve inches outward from the perimeter of the hardware" and "shall replace or repair any cover or grating found to be defective and shall repair any defective street condition found within an area extending twelve inches outward from the perimeter of the cover or grating" (34 RCNY § 2-07 [b][1]-[2]; *see also Storper v Kobe Club*, 76 AD3d 426, 427 [1st Dept 2010]). Where 34 RCNY § 2-07 (b) is applicable, liability rests exclusively with the owner of the covers or grates (*Storper*, 76 AD3d at 427).

On this motion, George moves for summary judgment to dismiss the complaint on the grounds that it has no duty to the Plaintiff because the purported defect is located within 12 inches of a steel expansion joint cover and concrete vault cover that are owned by non-party the City of New York (the "City") (NYSCEF Doc No. 119, Waserman aff in support ¶¶ 3-5, 7). Therefore, George asserts, the City is exclusively liable for the purported defect under title 34 RCNY § 2-07 (b). In support of the motion, George submits, *inter alia*, an unsworn expert report and resume from Civil Engineer Jeffrey Laux (NYSCEF Doc No. 121-122), an agreement dated November 24, 2004 between the City, acting by and through the New York City Department of Transportation ("NYCDOT"), and the Port Authority, titled the Trans-Manhattan Expressway Structures and Avenue Surfaces Agreement ("Surfaces Agreement"), an affidavit of Solomon Schwimmer, Director of Operations for George (NYSCEF Doc No. 123), Port Authority records produced in discovery (NYSCEF Doc Nos. 124-125), a transcript of the deposition testimony of Frank Minervini, General Maintenance Supervisor for the Port Authority (NYSCEF Doc Nos. 126-129),

156771/2020   CRUZ, DEYSI vs. THE GEORGE UNITS LLC
Page 3 of 5
Motion No. 003

3 of 5

filings and discovery responses from this action (NYSCEF Doc Nos. 130-132, 134-136, 140), photographs produced by the Plaintiff in discovery that depict the alleged defect (NYSCEF Doc No. 133), and a transcript of Plaintiff's deposition (NYSCEF Doc Nos. 137-138).

Plaintiff identified the purportedly defective condition and confirmed the location on photographs of the sidewalk annexed to Plaintiff's March 17, 2022 Response to Defendant's Combined Demands and at a deposition held on June 8, 2023 (NYSCEF Doc Nos. 133, 138 photographs; 137, plaintiff's dep tr). The photographs depict an east-facing view of the Premises and the sidewalk in front of the building (*id.*). A metal grate spans the width of the sidewalk perpendicular to the building facade, and two square concrete slabs sit on top of the sidewalk on either side of the grate (*id.*). Each square slab has concrete or other seam filler around the slab, smoothing the height differential between the square and the surrounding sidewalk (*id.*). There is no filler around the northwest corner of the square slab situated to the south of the metal grate, resulting in a visible height differential between the slab and the surrounding sidewalk (NYSCEF Doc No. 138, exhibit E). Plaintiff identified this as the defect that caused her to fall, referring to it as a "hole" (NYSCEF Doc No. 137, plaintiff's dep tr at 35). Plaintiff also identified the metal grate in her deposition, referring to it as a metal "strip," and posited that it was "[a]bout four inches, give or take" from the "hole" (NYSCEF Doc No. 137, plaintiff's dep tr at 33-34; 138, photographs, exhibit B).

Plaintiff argues that the City is exclusively liable pursuant to 34 RCNY § 2-07 (b) because the metal "strip" and square slab located near the "hole" that caused Plaintiff to fall are, respectively, a steel expansion joint cover and concrete vault cover that are both owned by the City. George relies exclusively on the unsworn Laux report to demonstrate that the metal strip and square slab are a steel expansion joint cover and concrete vault cover and to George also relies on the report to demonstrate that these features are within 12 inches of the "hole" that Plaintiff alleges caused her to fall (NYSCEF Doc No. 119, Wasserman aff in support ¶ 37). However, an unsworn expert report not made in the regular course of business is inadmissible evidence, the court cannot the court cannot consider the Laux report on this motion (*Frees v Frank & Walter Eberhart L.P. No. 1*, 71 AD3d 491, 492 [1st Dept 2010] ["to the extent that the motion court may have considered the report from defendants' expert in deciding the motion, this was error . . . the report was unsworn, was not made in the regular course of business, and thus was inadmissible and could not be considered in support of the motion"]).

Independent of the Laux report, Frank Minervini, General Maintenance Supervisor for the Port Authority, testified that the metal strip "[a]ppears to be an expansion joint," but he was unable to offer meaningful testimony regarding the square slab that George asserts is a concrete vault cover (NYSCEF Doc No. 142, Minervini dep tr at 40). Minervini also testified that the steel expansion joint would be the responsibility of the City, because "[t]hat's what [he's] been told" (*id.*). The Surfaces Agreement between the City and the Port Authority, which is applicable to St. Nicholas Avenue between 178th and 179th Avenue, where the "hole" is located, also supports a finding that the City has some liability to maintain the sidewalk where Plaintiff fell because the agreement provides that the "City, at its sole cost and expense acting by and through NYCDOT, shall maintain the Avenue Surfaces" (NYSCEF Doc No. 125, agreement at 2). "Avenue Surfaces" is defined as "the surface of the Avenues including its roadways and lighting therefor, wearing

156771/2020   CRUZ, DEYSI vs. THE GEORGE UNITS LLC
Motion No.  003

Page 4 of 5

[* 4]

surface, sidewalks and curbs" (*id.* at 1). The Minervini testimony and the Surfaces Agreement suggest that the metal strip is an expansion joint and the City may have a duty to maintain the sidewalk, but there is no evidence in the record that demonstrates the square slab is a concrete vault cover or shows the distance between either structure and the "hole." Without this evidence, the court cannot determine whether 34 RCNY § 2-07 (b) applies. Therefore, the motion is denied, but in light of the admissible evidence proffered, and in order to afford the Plaintiff a meaningful opportunity to respond to George's application, the motion is denied with leave to renew upon proper papers.

Accordingly, it is

ORDERED that the motion is denied, with leave to renew within 30 days of entry of this order; and it is further

ORDERED that Plaintiff shall be permitted to respond to the renewed motion in the normal course, as provided for in the CPLR; and it is further

ORDERED that adjournments of the renewed motion will only be permitted upon good cause shown and adjournment requests shall be electronically filed and emailed to the court at SFC-Part65@nycourts.gov, as required by the part rules.

The constitutes the order and decision of the court.

| 2/27/2026 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | HASA A. KINGO, J.S.C. | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156771/2020   CRUZ, DEYSI vs. THE GEORGE UNITS LLC**
**Motion No.  003**

Page 5 of 5

5 of 5